# Burson *v.* Louisville & Nashville Railroad Co.

*Action to recover Damages for Personal Injuries.*

1. *Action against a railroad company; accident at public crossing; willful negligence.*—The fact that an engineer in charge of a locomotive, while approaching a street crossing, sees a person walking towards the track, does not import a consciousness on his part of such

person's peril, since the engineer had the right to assume that such person would observe ordinary prudence and not go upon the track; and the failure of the engineer to sound the alarm upon first discovering such person, can not be construed into a willingness to run over him, or a reckless and wanton disregard of his safety.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellant, C. C. Burson, against the appellee, the Louisville & Nashville Railroad Company, to recover damages for personal injuries alleged to have been inflicted by reason of the negligence of the defendant or its employès.

To the first eight counts of the complaint, which counted upon the negligence of the defendant, the defendant pleaded contributory negligence. To the 9th and 10th counts of the complaint, which averred the wanton or willful misconduct of the defendant's engineer and flagman, respectively, the defendant pleaded the general issue.

Plaintiff introduced evidence tending to show that on the 15th day of January, 1895, plaintiff was passing over and along 24th street within the corporate limits of the city of Birmingham, Ala., at a point on said street between First Avenue and Avenue A. where certain railroad tracks, used by defendant, crossed said street; that said street at said point was a much frequented thoroughfare; that at said point it was much used at all hours of the day by both vehicles and pedestrians, and was one of the most public crossings for passengers of said city; that said street was 80 feet wide inclusive of the sidewalks which were 12 feet each; that at said time defendant ran and operated a train composed of a steam locomotive and cars over and along said tracks across said street; that plaintiff was struck by said engine on said crossing in the line of the sidewalk of the said street, and as a proximate consequence of being so struck plaintiff suffered the injuries and damage set out in the complaint; that said train was not brought to a stop before crsssing said 24th street. Some testimony introduced by plaintiff tended to show that defendant ran said train over said crossing at a rate of speed of about 20 miles per hour and some of plaintiff's testimony tended to show the speed was about 8 miles an hour. Plaintiff also introduced witnesses who tes-

tified that they were near said train as it approached said crossing and ran over same, and that they did not hear any blowing of the whistle or ringing the bell, except that it blew two quick blasts of the whistle when the front of the engine had passed about two-thirds over the crossing.

Defendant introduced evidence tending to show that for about one quarter of a mile before reaching the said 24th street crossing the bell on the engine which struck plaintiff was being continuously rung by the fireman on the engine, and that same continued to be rung in the same manner until the engine struck plaintiff; that said train approached the said crossing and crossed the same at the rate of 4 or 5 miles an hour; that the defendant's flagman at the street crossing, Harry Thompson, was in the street waving his red flag as defendant's train approached and crossed the street.

The engineer who was operating the defendant's engine at the time of the accident, testified that the train crossed the crossing at the rate of between 4 and 5 miles an hour; that he saw the plaintiff approaching the crossing when he was about 25 feet east of the flagman's house; that there was nothing in his manner, while walking towards the track, to indicate that he was not going to stop, and that when he discovered that he was not going to stop, and attempted to cross the track, he blew the whistle and stopped the train as quickly as he could.

Among the charges given to the jury at the request of the plaintiff, was the following: "If the jury believe from the evidence that the engineer negligently failed to use all the means in his power known to him to stop the train or check its speed after the peril of plaintiff became manifest to him, then no matter at what rate of speed the train was running, the engineer is guilty of reckless and wanton or intentional wrong, if the jury believe from the evidence that it was apparent to the engineer that by so doing he could have averted the catastrophe."

It is unnecessary, under the opinion on the present appeal, to make a more detailed statement of facts in this case.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several

[Burson v. Louisville & Nashville Railroad Co.]

rulings of the trial court to which exceptions were re-served.

BOWMAN & HARSH, for appellant.—1. It was for the jury to say whether or not plaintiff was guilty of contributory negligence.—*Greany v. L. I. R. R. Co.* 101 N. Y. 419; *Weber v. N. Y. C. & H. R. R. R. Co.,* 67 N. Y. 587.

2. It was for the jury to say whether or not the conduct of the defendant's flagman at the street crossing, after seeing plaintiff walking down the track within 4 or 5 feet of it and with his back to the approaching train and knowing that plaintiff (as flagman says) had not looked up, was such wanton or intentional misconduct as to overcome contributory negligence.—*Haley v. K. C. M. & B. R. R.Co.,* 113 Ala. 640; *Cook, Admr. v. C. R. & B. Co. of Ga.,* 67 Ala. 533; *Frazer, Admr. v. S. & N. Ala. R. R. Co.,* 81 Ala. 196; *Tanner's Ex. v. L. & N. R. R. Co.,* 60 Ala. 621; *S. & N. Ala. R. R. Co. v. Sullivan,* 59 Ala. 278; *L. & N. R. R. Co. v. Webb,* 97 Ala. 308.

3. It was for the jury to say whether or not the conduct of the engineer, in failing to give a warning signal, would, in this case amount to reckless and wanton or intentional negligence if the engineer, after the peril of plaintiff became manifest to him, realized that he could avoid the peril by blowing the whistle and negligently failed to do so.—*Frazer, Admr. v. S. & N. Ala. R. R. Co.,* 81 Ala. 196; *Morris v. C. B. & Q. R. Co.,* 45 Iowa, 32; *Chrystal v. Troy & B. R. R. Co.,* 52 Hun. 56; *H. & T. C. R. Co. v. Carson,* 66 Tex. 345.

THOS. G. JONES, *contra,* cited *Cordell v. Railroad Co.,* 75 N. Y. 330; *Daniels v. Rapid Transit Co.,* 125 N. Y. 407; *Pennsylvania R. R. Co. v. Righter,* 42 N. J. L. 180; 2 Amer. & Eng. Encyc. of Law, 226, and cases cited in note.

McCLELLAN, J.—It is unnecessary to consider the rulings of the trial court on requests for instructions in detail. Certain counts of the complaint charged that the injuries complained of resulted from the negligence of defendant's servants. To these counts the plea of contributory negligence on the part of plaintiff was interposed. The evidence was full, and free from conflict

in support of said plea; and the court properly charged the jury that if they believed the evidence, plaintiff was guilty of such contributory negligence as barred a recovery under these counts. The 10th count ascribed the injury to the wanton or willful misconduct of defendant's flagman. To this the general issue was pleaded. Conceding the truth of all the evidence, it bore no tendency to show wanton, willful or reckless wrong on the part of the flagman; and the court properly so charged the jury. The 9th count charged that defendant through its servants recklessly and wantonly and intentionally ran an engine or train upon or against plaintiff. The fact that the engineer saw plaintiff walking toward the track does not import any consciousness on his part of plaintiff's peril; he had a right to assume that plaintiff would observe ordinary precaution and not go upon the track; and his failure to sound the alarm on first seeing plaintiff can not be tortured into a willingness to run over him or a reckless and wanton disregard of his safety. It may be there was some evidence tending to show that the engineer willfully pretermitted effort to stop his engine after he saw that plaintiff did not intend to stop short of the track; and this question was left to the jury.

Affirmed.