# Louisville & Nashville R. R. Co. *v.* Lewis.

*Action against Railroad Company to recover for Personal Injuries.*

1. *Action against railroad company; driving along railroad track a trespass; duty of a railroad company.*—A person driving along a railroad track imbedded in the street of a city, is a trespasser upon said track, and the trainmen in charge of a train operated by the railroad company upon said track, are not required to keep a lookout for such person, and they owe him only the duty of exercising reasonable care to avoid injury after his danger, occasioned by his being on said track, is actually discovered; and if there is nothing to show that the person injured while upon such a track lacked opportunity to see said train, or to avoid the same, if he had made an effort to do so, and there is no evidence that on the part of defendant's servants, there was any lack of diligence about discovering such person's peril, or about stopping the train after his peril is discovered, or that the railroad company was in any way responsible for such person's exit from the track, he cannot recover for injuries sustained by him by being run over by said train.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee against the appellant railroad company, to recover damages for personal injuries and injury to his property. The facts of the case are sufficiently stated in the opinion. Among the charges requested by the defendant, and to the refusal to give each of which the defendant separately ex-

cepted, was the following: "The court charges the jury that if they believe all the evidence in this case, they should find for the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals and assigns, among other rulings of the trial court, the refusal of said court to give the general affirmative charge in its favor, requested by the defendant.

GREGORY L. & H. T. SMITH, for appellant. (No brief came to the hands of the Reporter.)

No counsel marked for appellee.

SHARPE, J.—In this action plaintiff sought recovery on account of personal injuries and injuries to his property alleged to have been sustained through defendant's negligent operation of a railroad train along Commerce street in the City of Mobile. The only evidence adduced by plaintiff to prove the circumstances under which he was injured was his own testimony. The bill of exceptions recites he testified "that he was driving a road cart along Commerce street in the city of Mobile from Government street south towards Church street; that as he left Government street, he looked south before him, and saw no train; that as he left Government street, he drove upon a railroad track which was imbedded in Commerce street, and which ran north and south along said Commerce street between Government and Church streets; that he looked for the train when he first got on the track and that he proceeded to drive south along the track until he got within about fifty feet from Church street, when he saw for the first time a railroad train backing north towards him upon the track on which he was driving; that when he first saw the train it was about fifty feet from him, and that he pulled his horse off the track, but that just at that moment, a dray came down Church street, and turned north into Commerce street and so blocked his way that he could not get his vehicle entirely off the track; that except for this dray coming suddenly around the corner of Church street and swinging into Commerce street, he

could have gotten off the track in time to avoid the injury; that just as he left Government street he saw a buggy and a dray standing with their horses facing each other on the west side of Commerce street near the place where the accident occurred, and on the west side of Commerce street, but that he did not know how far they were apart; that before the dray came around the corner there was room for him to get off, but after his way was blocked by the dray, the other vehicle prevented his getting off the track towards the sidewalk, these were the only vehicles he saw on Commerce street; that just after his way was blocked by the dray the edge of the box car struck him; that he saw a man on the north end of the car, but did not hear him halloo until after he was struck; that the end of the box car struck his road cart and dragged him several feet; that his road cart was destroyed, and that he was hurt," etc.

Defendant's evidence on this subject consisted of the testimony of witnesses to effect that there were seven or eight cars in the train being pushed by an engine at the south end and that there was a flagman on the running board of the car at the north end of the train and a brakeman on top of the third car from that end. The flagman testified in substance that he saw plaintiff driving on the track as he left Government street; that he was coming in a brisk trot down the middle of the track towards the train; that there were no vehicles on Commerce street except where the injury occurred and plaintiff had plenty of time to get off the track before reaching that point and could have gone off at that point by driving a step nearer the sidewalk; that as soon as he, the witness, saw plaintiff was in danger of not getting off the track in ample time he hallooed to plaintiff several times and signaled the engineer to stop the train and it was immediately stopped as quickly as it could be done; that he, the witness, had given the slow down signal just as his car crossed Church street while plaintiff was ninety feet away, and that the train was moving only three or four miles an hour at the time he gave the signal to stop and ran ten or twelve feet after striking him. The brakeman testified in part as the flagman had done and in ad-

dition, that as his car was crossing Church street he saw plaintiff coming down the track at a brisk trot and signaled the engineer to slacken the speed of the train which was then from six to eight miles per hour, and the speed was immediately checked to about three or four miles per hour and that when plaintiff was forty-five or fifty feet of the train he turned to the west and had room to drive off the track, and had when struck cleared the track except one wheel of his vehicle; that no effort was made to stop the train until just before plaintiff reached that part of the street which was crowded with vehicles, and up to this time, he, the witness, had supposed plaintiff would pull off the track in time to escape injury. There was other testimony but in it there was nothing effecting the question of negligence *vel non* on the part of the train crew, materially different from what is above stated.

We are of opinion that in the evidence there is nothing from which negligence can be imputed to the defendant; and that, therefore, and apart from any consideration of the question of contributory negligence, the general affirmative charge requested by defendant should have been given. No statute, and so far as the evidence shows, no ordinance of the city was violated by the mere act of backing the train in the street or by any act or omission of defendants' servants in respect of speed of moving, the keeping of a lookout, or the giving of signals or in other respect; nor from the evidence can it be reasonably inferred that the conduct of the servants was violative of any rule of prudence enjoined on them by the common law. Though they knew of the presence of the plaintiff on the track they were not bound to use efforts to stop the train until it became reasonably apparent that plaintiff would not drive clear of the cars, for until that time they had a right to assume that he was possessed of the ordinary faculties of sight, and that in the exercise of those faculties he would leave the track before encountering danger.—*Glass v. M. & C. R. Co.* 94 Ala. 581; *Burson v. L. & N. R. Co.* 116 Ala. 198; *Erickson v. St. Paul & D. R. Co.* 41 Minn. 500; 5 L. R. A. 786.

There is not in the evidence anything to show that the plaintiff lacked opportunity to see the train or to avoid

the same if he had made timely effort to do so, nor is there evidence that on the part of defendant's servants there was any lack of diligence about discovering plaintiff's peril or about stopping the train after they discovered it, or that defendant was in any way responsible for the obstruction of plaintiff's exit from the track caused by the turning of the dray from Church into Commerce street. Plaintiff was not entitled to recover without proof that his injury was the proximate result of negligence chargeable to the defendant, and the accident was not of such character as that proof merely of its happening could afford an inference of such negligence.

Reversed and remanded.