### STATE *versus* BEEMAN.

An indictment for obstructing a "*public street,*" is sustainable upon proof of obstruction to a *town way*.

In a warrant calling a meeting of the town to act upon the acceptance of a town way, a general description of the way is sufficient.

That a land owner had due notice of the selectmen's meeting to locate a town way, may be inferred from a notification seasonably inserted in a newspaper, published in his neighborhood.

Where it was required by a town, that notice of its meetings should be posted at the town house on a specified street, posting at "the town house" was held sufficient, it not being shown that more than one town house existed.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

INDICTMENT for maintaining a part of a building upon "*a common highway and public street*" in Hallowell, alleged to have been laid out in the year 1836.

It appeared, that in 1828, the following vote was passed by the town : —

"Voted by the town, that town meetings, (except meetings for the selection and appointment of jurors,) be summoned and notified, in future, by notifications of the time, place of assembling, and purposes of the meeting, being posted up seven days at least before the time of said meeting, by any constable of the town, or by such other person as shall be appointed for that purpose, by warrant from the selectmen, or a major part of them, at the *town house on second street,* and at such other place in the town, as the selectmen, for the time being, or a major part of them, may, by their warrant for each and every meeting direct, it being left by the town, to the discretion of the said selectmen, or the major part of them, to direct or not direct as aforesaid, at their pleasure, that such notification be posted at any place other than the said town house."

To prove the location, in 1836, of the road described in the indictment, the county attorney relied upon the following records : —

The record of the selectmen was as follows : —

"The undersigned, selectmen of the town of Hallowell,

after having given notice to all persons interested, by publishing a notice in the American Advocate, three weeks successively, prior to the twentieth day of August, proceeded on the said twentieth day of August to lay out a town road, in said town, agreeably to said notice, as follows, to wit: Beginning, &c. Given in our hands, the twentieth day of August, A. D. 1836.

" James Atkins,

" S. K. Gilman,

" Samuel Locke."

On the first of October, 1836, the selectmen issued their warrant, directed to the constable, requiring him " to notify and summon the male inhabitants of said town, to assemble at the town house in said town, on the 8th of said October, to act, among other things, upon the following article, to wit: —

" To see if the town will accept a road laid out by the selectmen, leading from Front to Second street, through lands of Wm. Clark and the heirs of the late John Beeman."

At the bottom of the warrant is the following direction: " The mode of your notification to be, by posting up a notice of the within warrant, at the town house in said town, seven days before the within named time."

The officer's return of the warrant, is as follows: — Hallowell, ss. Oct. 1, 1836. I have notified and summoned the within named inhabitants, as within directed.

" Stevens Smith, *Constable.*"

At a meeting of the town held on said 8th of October, it was " Voted to accept the road as laid out by the selectmen."

The evidence for the State tended to show, that the defendant's building stands where it was erected long prior to the said location, and that nine and a half feet of it are upon the town way, so located and accepted, and that the defendant had been paid for the damage done to him by the location.

The defendant offered testimony, tending to show that, at the time of making said location, it was stipulated and agreed by the selectmen, or one of them, that said defendant might

maintain the building in its present position. But the Court rejected the testimony.

The defendant presented the following views, viz, *that* the indictment, being for the obstruction of a "*common highway and public street,*" is not maintained by proof of the obstruction of a "*town way;*" *that* there is a material variance between the proof and the allegations of the indictment, in describing the way; *that* there is no sufficient proof that due notice was given by the selectmen to all persons interested, previous to making the location; *that* there is no proof that the location was filed with the clerk of the town seven days before the meeting for acceptance of the way; *that* the article, relating to the acceptance of the way, in the warrant calling the town meeting, does not sufficiently describe the way, and *that* there was no effectual acceptance of it, as the selectmen's warrant and the constable's return of it were illegal.

The defendant requested instruction to the jury conformably to these views. But the Judge refused the request, and instructed the jury that, if the building complained of was situated, in part, upon the street, as located by the selectmen in 1836, their verdict should be for the State. The verdict was against the defendant, and to the rulings and refusal to instruct, he excepted.

*Morrell* and *Stinchfield*, for the defendant.

1. Possibly, in common parlance, the words "common" and "public," as applied to ways, may be the same. But in legal contemplation they are of different import.

"Common highway" means no more than "highway." Does the one description, "public street," used in the indictment, change the import of the other description, "common highway?" The term "highway," does not modify the term "street;" and therefore a public street has not the import of a common highway; it is rather set in contra-distinction from it. Highways are established by county officers; streets, by another authority. Street means a city or village way. Public street has no technical import. It is the same as common highway, or is mere surplusage. The indictment, therefore,

can be considered as charging only the obstruction of a common highway, a county way, extending perhaps into a city or village. The proof in the case is only of an obstruction to a town way. The prosecution therefore fails. *Cleaves* v. *Jordan*, 34 Maine, 9; *State* v. *Bigelow*, 34 Maine, 243; R. S. c. 1, § 3, rule 6.

2. The pretended location of the way was ineffectual.

1st. The notice was defective. It did not sufficiently describe the road proposed to be accepted. A newspaper publication was insufficient. It should have been posted in two public places. R. S. c. 25, § 28.

2d. The location was not filed with the town clerk seven days before the acceptance. R. S. c. 35, § 29; 3 Greenl. 439.

3d. The selectmen's order for posting the notice by the constable, was not in conformity to the vote of the town. It merely required it to be at the town house; instead of the town house on Second street.

*Vose, County Attorney,* for the State.

WELLS, J. — The indictment against the defendant is founded upon the statute, c. 164, § 1, which provides, that "the obstructing or incumbering by fences, buildings or otherwise, the public highways, private ways, streets, alleys, &c. shall be deemed nuisances," &c. The way is described in the indictment to be a "common highway and public street." The word highway has been defined to mean county way, and as not embracing a town way, unless the sense of the statute where the word is used would require such meaning. Its import, when not controlled by other language connected with it, has been limited by statute to a county way. Chap. 1, § 3, rule 6; *Cleaves* v. *Jordan*, 34 Maine, 9. It is unnecessary to say what construction should be put upon it, as used in the chapter upon which the indictment is founded. For the word street means any public way, and embraces a town way, which is the one alleged to be incumbered by the defendant. The indictment was therefore maintained by proof of the obstruction of a town way. The indictment was good although the charge may be broader than the offence proved, for the ac-

cused may be acquitted of a part and found guilty of the residue, which alleges substantially an offence. R. S. c. 166, § 7.

The law of 1821, under which the town road in question was laid out in 1836, did not point out any mode by which notice should be given to the owner of the land. But it has been decided, that he was entitled to notice. *Harlow* v. *Pike*, 3 Greenl. 439. It appears, that notice was published in a newspaper, printed in the neighborhood of the defendant, of the intended location, three weeks before it was made ; and that his damages were paid to him. This testimony was sufficient to authorize the jury in finding notice. It does not appear, that any objection was then made by the defendant, that it was not received in due season.

The article relating to the acceptance of the way in the warrant of the selectmen calling the meeting of the town, gives a general description of the way, which they had laid out, and was sufficiently clear and explicit to call to it the attention of the inhabitants of the town. Any one desirous of more particular information in relation to the courses and terminations of the road, could examine the return of the location made by the selectmen.

There does not appear to have been but one town house, and the notification for the meeting to be held at the town house, must have been understood at the town house on Second street.

When the road was laid out, the law did not require, as it now does, that the location of the selectmen should be filed with the town clerk seven days at least before the meeting of the town.

The acquiescence on the part of the town in the incumbrance upon the road for so many years, would indicate a consent, that the defendant's building should remain upon it. But that would not furnish a legal excuse. It is the record which shows the existence and boundaries of the road, and the selectmen had no lawful authority to allow the building to remain upon it. *Exceptions overruled.*

SHEPLEY, C. J., and HOWARD and HATHAWAY, J. J., concurred.