# Southern Railway Co. *v.* Wooley.

*Damages for Putting Down Passenger Short of Destination.*

(Decided Jan. 13, 1909. 48 South. 369.)

1. *Carriers; Failure to Carry Passenger to Destination; Negligence; Jury Question.*—Where the evidence tended to show that plaintiff, a passenger gave her ticket to the conductor, telling him at the time that she desired to go to A., and was not acquainted with the stations along the road; and subsequently defendant's flagman asked plaintiff where she was going, told her that the car she was on did not go to A. and directed her to go into another car at a junction, which proved to be the wrong car, and on account of which

plaintiff was compelled to lose her train and wait for another, the question of the negligence of the defendant was one for the determination of the jury.

2. *Same; Wantonness; Jury Question.*—If the flagman of defendant knew that the car occupied by plaintiff was the proper car to convey her to her destination, and that the car into which he directed her to go was the wrong car, and realized that his course of conduct would probably result in inconvenience and injury to the plaintiff, wantonness might be fairly imputed to him, since a purpose to injure is not an ingredient of wantonness, and the question was one for the determination of the jury.

3. *Same; Punitive Damages.*—Where there was evidence justifying an inference that the servants of defendant were guilty of wantonness in directing plaintiff to remove to the wrong car punitive damages may be assessed in the discretion of the jury.

4. *Carriers; Customs; Evidence.*—A witness who has travelled on the train about once a month for more than a year is not competent to prove the custom on the part of trainmen in calling out stations or announcing change of cars.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Dealy Wooley against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were refused to the defendant: "(4) Under the evidence, you cannot assert any punitive damages against the defendant. (5) Under the evidence, you cannot find defendant's servant or servants guilty of any wantonness." "(9) The jury should weigh the evidence in the light of their common knowledge and common experience, and if from the evidence, so considered, you conclude that it is improbable that the flagman or other servant of defendant should have given plaintiff the information or direction claimed by her to have been given, you would have the right, in your reasonable discretion, to reject the evidence on that point."

WEATHERLY & STOKELY, for appellant. The witness having testified that he heard the announcement on the particular occasion complained of it was competent to

show by him that such announcement was customarily made at that station.—*Southern Ry. v. Bowers*, 141 Ala. 517; *McDonald v. Ry. Co.*, 110 Ala. 161; *Western Ry. Co. v. Arnett*, 137 Ala. 415; *L. & N. v. Webb*, 97 Ala. 157; *Southern Ry. Co. v. Douglass*, 144 Ala. 358. It was admissible as a collateral, corroborative fact.—*Cook v. Malone*, 128 Ala. 644. The charge instructing the jury to find for the defendant under the 2d count, as well as charges 4 and 5 requested by the defendant, should have been given.—*Southern Ry. Co. v. Bunt*, 131 Ala. 591; *Perkins v. Bir. R. L. & P. Co.*, 132 Ala. 470; *Bir. R. & E. Co. v. Butler*, 135 Ala. 394. Under the facts in this case punitive damages were not recoverable.— *Wilkerson v. Searcy*, 76 Ala. 181; *Mobile Co. v. Little*, 108 Ala. 399. Charge 9 should have been given.—*Southern Ry. Co. v. Peters*, 135 Ala. 533. A new trial should have been granted on the incredibility of plaintiff's testimony.—*Southern Ry. v. Lollar*, 135 Ala. 375; *Southern Ry. Co. v. Hill*, 39 South. 987.

BOWMAN, HARSH & BEDDOW, for appellee. The court did not err in the exclusion of the evidence.—*M. & A. of Bir. v. Starr*, 112 Ala. 107. Punitive damages were recoverable in this case under the facts.—*Cent. Ry. v. Partridge*, 136 Ala. 596. On this authority, the general charge as to count 2, and charges 2 and 4 were properly refused to the defendant. Under the circumstances of this case the court will not grant a new trial.—*Cobb v. Malone*, 92 Ala. 630; *Bir R. & E. Co. v. Dorsey*, 131 Ala. 177.

DENSON, J.—This is an action by a passenger against a common carrier to recover damages consequent upon her being left by defendant's servant or agent at a station short of her destination. There are

29—8

two counts in the complaint. The first counts for re-
covery upon simple negligence, while the second, as a
basis for recovery, after stating the proper premises,
avers that "defendant's servant or agent, acting within
the line and scope of his authority as such on said train,
wantonly or intentionally caused plaintiff not to be car-
ried on said train to her destination, well knowing that
so to do would likely or probably cause great personal
inconvenience and damage, and thereby wantonly or
intentionally caused plaintiff to suffer said injuries and
damages." The cause was tried on these counts and the
general issue. There were verdict and judgment for
the plaintiff in the sum of $250, and therefrom defendant
has appealed.

The main questions for consideration arise on charges
refused to the defendant, amongst them being the gener-
al affirmative charge in respect to each count of the com-
plaint. The plaintiff, a married woman, accompanied
by her two children, two and three years old, respective-
ly, after providing herself with a ticket entitling her to
passage on defendant's train to America Junction, board-
ed one of defendant's trains at Birmingham, on April
25, 1906, on route to said point, which was a station on
defendant's road. Plaintiff had traveled the road only
once, and knew nothing about the stations on the road.
When the conductor in the course of his duty reached
the plaintiff on the train, she gave him her ticket and
baggage check, telling him that she desired to get off
at America Junction, and that she was not acquainted
with the stations along the route. The train carried a
car which was to be cut off at Jefferson, an intermedi-
ate station, and incorporated in another of defendant's
trains which ran between Jefferson and Blossburg.

Plaintiff testified, substantially, that she was riding
in the rear car, on the way from Birmingham, and never

saw the conductor after he took up her ticket; that the "porter," a white man, who was calling the stations on the train, before the train reached Jefferson, asked her where she was going, and that she told him three times she was going to America Junction; that "he explicitly directed me to go into the other car, and stated that the car I was in was going back to Birmingham. I obeyed him, and he helped me carry my bundles in there." When the train reached Jefferson the car in which plaintiff was then traveling was cut out, and the train proceeded on its journey. The car cut out was then coupled into and made a part of the train to Blossburg, which train departed on its journey to Blossburg. Plaintiff did not learn that she was on the Blossburg train until it had attained a distance of 300 or 400 yards from Jefferson, when the conductor called on her for fare. She then asked him to let her get off, whereupon the train was backed to within a short distance of the station, and she alighted and walked to the station. This was near sundown. There were no white people living at Jefferson, and accommodations could not be obtained for plaintiff and her children overnight; so she prevailed upon a boy to go with her to Nebo, another station on defendant's road, in the direction of America Junction and near a mile from Jefferson. She spent the night at Nebo, at the home of Dr. Hancock; and on the next afternoon there took a train and proceeded on her journey to America Junction, where she was met by her husband. There is no testimony, in respect to what occurred between the plaintiff and the conductor or between the plaintiff and the flagman, save that of plaintiff as recited above. But, even if there were, it would at most only show a conflict in evidence.

In the light of the foregoing tendencies of the evidence, the court entertains the opinion that it cannot be

contended, with any show of reason, that defendant's agent or agents were not guilty of negligence in respect to plaintiff's stopping at Jefferson, instead of going on to her destination that afternoon. This being true, the next question to be considered is: Is the evidence of such a nature as to fairly afford an inference of wantonness on the part of defendant's flagman? "A purpose to injure is not an ingredient of wantonness." If the flagman knew that the car plaintiff occupied was the proper car to convey her to her destination that afternoon, and knew that the car into which he directed plaintiff to remove was to be cut out at Jefferson and would not proceed to America Junction, and saw and realized plaintiff's condition—if he was conscious of all this, and realized, from the attending circumstances, that the course of conduct he adopted would likely or probably result in inconvenience and injury to the plaintiff— then wantonness might be fairly inferred and attributed to him.—*Birmingham, etc Co. v. Bowers,* 110 Ala. 328, 20 South. 345; *Birmingham, etc., Co. v. Pinkard,* 124 Ala. 372, 26 South. 880.

Upon the foregoing considerations it follows that the court properly refused the affirmative charges requested by the defendant, leaving to the determination of the jury the questions of negligence and wantonness. It also follows that charges 4 and 5, requested by the defendant, were well refused.

For the reasons given in *Hale's Case,* 122 Ala. 85, 26 South. 236, condemnatory of charge 1 requested by the defendant in that case, charge 9, here requested by the defendant, was properly refused.

Cairns, a witness for defendant, testified that plaintiff was riding in the same coach he was in (the second car from the rear) ; that he knew he was at Jefferson, because the flagman came through the front end of the

car and "hollered, 'Jefferson. Change cars for Bloss-
burg. The rear coach goes to Blossburg.'" He further
testified that he traveled on that train about once a
month, and had been doing so for more than a year.
Thereupon defendant's counsel asked him this question:
"State whether or not you had heard that announcement
made ordinarily when you traveled there." Even if
it were competent to prove custom, in respect to defend-
ant's servant's calling the stations or making the an-
nouncement testified to, the proffered testimony does
not rise to the dignity of custom. The evidence sought
was immaterial.

The court committed no error in overruling defend-
ant's motion for a new trial.

It results that the judgment of the city court must
be affirmed.

Affirmed.

HARALSON, SIMPSON, and ANDERSON, JJ., concur.