(76 South. 850)

## SHEPARD v. LOUISVILLE & N. R. CO.
### (3 Div. 267.)

(Supreme Court of Alabama.   Nov. 15, 1917.)

1. RAILROADS ☞280—INJURIES ON TRACK—WANTON INJURY.

In an action against a railroad for wanton injury to a trespasser on its right of way, to substantiate a charge of wanton injury, it must be shown that the railroad, acting through its servants or agents, was conscious of the conduct that caused the injury, and conscious, from knowledge of existing conditions, that the injury would likely or probably result from the conduct, and that, with reckless indifference to consequences, such agents or servants consciously and intentionally did the wrongful act or omitted some known duty, which produced the injurious result for which the suit is brought.

2. RAILROADS ☞400(1)—WANTON INJURY TO TRESPASSER — SUFFICIENCY OF EVIDENCE — QUESTION FOR JURY.

In an action against a railroad for wanton injury to a trespasser on its right of way, evidence that the servant of the railroad operating its train had knowledge that a piece of timber was protruding from a car, one of the elements of the dangerous situation, *held* insufficient to justify submission to the jury of the question whether the injury was the result of a reckless indifference to consequences or intentional wrongful omission of some duty.

3. RAILROADS ☞398(5)—WANTON INJURY TO TRESPASSER—INJURY AS RESULT OF RECKLESS INDIFFERENCE — SUFFICIENCY OF EVIDENCE.

In such action, the servant's knowledge of the reasonable probability of people being on the track or right of way, in the absence of knowledge of the unusual, dangerous condition of the car, *held* insufficient to warrant finding that the injury was the result of a reckless indifference to consequences, etc.

Appeal from Circuit Court, Montgomery County; W. W. Pearson, Judge.

Action by Willie B. Shepard against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appealed.   Affirmed.

Evans & Friedman, of Montgomery, for appellant.   Goodwyn & McIntyre, of Montgomery, for appellee.

THOMAS, J.   The case was tried on count 7, which charged a wanton injury inflicted in manner specifically alleged. The only assignment of error challenges the giving of the affirmative charge at defendant's request in writing.

[1] To substantiate the charge of wantonness, it must be shown that the defendant, acting through his servants or agents, was conscious of the conduct that caused the injury, and conscious, from the knowledge of existing conditions, "that injury would likely or probably result from the conduct," and that, "with reckless indifference to consequences," such agents or servants "conscientiously and intentionally did the wrongful

act or omitted some known duty, which produced the injurious result" for which the suit is brought.   B. R. L. & P. Co. v. Cockrum, 179 Ala. 372, 381, 60 South. 304; Ellis v. Birmingham Waterworks, 187 Ala. 552, 555, 65 South. 805;   M. & C. R. R. Co. v. Martin's Adm'r, 117 Ala. 367, 382, 23 South. 231; Burson v. L. & N. R. R. Co., 116 Ala. 198, 22 South. 457; B. R. & E. Co. v. Bowers, 110 Ala. 328, 20 South. 345; B. R. L. & P. Co. v. Brown, 150 Ala. 327, 331, 43 South. 342; M., J. & K. C. R. R. Co. v. Smith, 153 Ala. 127, 131, 45 South. 57, 127 Am. St. Rep. 22; L. & N. R. R. Co. v. Calvert, 170 Ala. 565, 54 South. 184; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 346, 57 South. 876; Adler v. Martin, 179 Ala. 97, 59 South. 597; Peters v. Southern Railway Co., 135 Ala. 537, 33 South. 332.   In the Drennen Case, supra, this court said:

"Where there is no evidence of knowledge on the part of the engineer of the presence or peril of the person on the track, or knowledge from existing conditions at the time and place of the accident that injury would likely or probably result to such person from the speed at which the engineer was running the train, he could not be said to be guilty of wanton negligence." 175 Ala. 346, 57 South. 879.

"It is essential, to constitute wanton negligence, that the act done or omitted should be done or omitted with a knowledge and a present consciousness that injury will probably result, and this knowledge is not to be implied from a mere knowledge of elements of the dangerous situation. L. & N. R. R. Co. v. Brown, 121 Ala. 221, 25 South. 609; Burgess' Case, 114 Ala. 587, 22 South. 169; Markee's Case, 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; Swope's Case, 115 Ala. 287, 22 South. 174; Burgess' Case, 116 Ala. 509, 22 South. 913." 175 Ala. 347, 57 South. 879.

See Peters v. Southern Railway Co., 135 Ala. 537, 33 South. 332; Glass v. M. & C. R. R. Co., 94 Ala. 581, 10 South. 215; Brown, Adm'r, v. L. & N. R. R. Co., 111 Ala. 275, 19 South. 1001; Southern Railway Co. v. Bunt, 131 Ala. 591, 32 South. 507.

In Liverett v. N. C. & St. L. Ry., 186 Ala. 111, 115, 65 South. 54, 55, the familiar rule is reaffirmed that:

"When it appears * * * that the intestate was a trespasser upon the defendant's track or right of way, this imposes upon the plaintiff the burden of further alleging that the defendant's servant failed to use due diligence to avoid the injury after discovering the peril." A. G. S. R. R. Co. v. Fulton, 144 Ala. 332, 341, 39 South. 282.

There is no pretense here that defendant's agents in charge of and operating the engine by which the car was being drawn was guilty of any subsequent negligence. Under the evidence plaintiff was a trespasser on the right of way of the defendant (Glass v. M. & C. R. R. Co., supra; A. G. S. R. R. Co. v. Fulton, supra), and his injury was caused by a piece of timber extending from one of defendant's cars, which piece of timber "was not a

part of the equipment of said train of cars, but such as was frequently used in loading cars at a guano factory and placed so as to get into and out of the cars while loading the same." The evidence further showed that this train of cars was coming from the direction of a guano factory; that it was a freight train running at the rate of 20 miles an hour, and that plaintiff was walking along between defendant's parallel tracks, and that plaintiff "was struck by a piece of timber about two inches thick and four inches wide, which was projecting out from under the box of one of said cars about two or three feet; that plaintiff saw the piece of projecting timber too late to avoid being struck by it."

[2, 3] The evidence fails to disclose that the agent or servant of the defendant in charge of or operating said train causing the injury, at or before the injury, ever knew of the existence of the unusual and dangerous condition of the car—that there was protruding therefrom the piece of timber which ultimately struck plaintiff and caused his injury. Without a knowledge of the facts—of "the elements of the dangerous situation"— (B. R. L. & P. Co. v. Drennen, supra; L. & N. R. R. Co. v. Williams, 183 Ala. 138, 62 South. 679, Ann. Cas. 1915D, 483) on the part of the servant, it cannot be said that the jury could reasonably infer that the injury was the result of a reckless indifference to consequences, or of an intentionally wrongful omission of some duty, manifested by him just before or at the time of the accident. Knowledge of the reasonable probability of people being on the track or right of way, in the absence of knowledge of the unusual, dangerous condition of the car here shown would not be sufficient to warrant such a finding by the jury.

The affirmative charge was properly given at defendant's written request, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.