(89 South. 706)

## KOPPERS CO. v. JERNIGAN. (6 Div. 285.)

(Supreme Court of Alabama. June 2, 1921.)

1. Master and servant ⟨⟩264(15)—Proof of negligence of superintendent named essential.

Injured employee, having pleaded negligence of one superintendent as the proximate cause of his injuries under Code 1907, § 3910, subd. 2, cannot recover on proof of the negligence of another superintendent.

2. Master and servant ⟨⟩287(3)—Negligent superintendence in erection of scaffold held for jury.

In an action under Code 1907, § 3910, subd. 2, for injuries caused by defective scaffolding negligently constructed under supervision of one named as the superintendent, held, on the evidence, that the questions as to his superintendence and negligence were for the jury.

3. Trial ⟨⟩253(9) — Instructions submitting employer's liability not predicated on all the facts in evidence properly refused.

In action for injuries to brick mason caused by defective scaffolding, instructions to find for employer if the best timber had been used in erection of the scaffolding held properly refused, where there was evidence as to improper construction aside from quality of the material used.

4. Trial ⟨⟩260(1)—Refusal of requests covered by oral charge not error.

Refusal of requested instructions covered by the court's oral charge was not error.

5. Evidence ⟨⟩474(4)—Nonexpert may testify as to mental impairment where shown to have sufficient acquaintance with person to form opinion.

In personal injury action, nonexpert witness shown to have sufficient acquaintance with plaintiff to form and express an opinion as to his mental impairment after injury was properly permitted to testify as to such impairment.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by T. J. Jernigan against the Koppers Company for damages for personal injuries sustained while in the employment o

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were refused to the defendant:

Fifth assignment: If you believe from the evidence that Choate used the best available timber for pudlocks in the erection of the scaffold from which plaintiff fell, he was not guilty of negligence, and your verdict must be for the defendant.

Sixth assignment: The court charges the jury that the burden of proof is upon the plaintiff to reasonably satisfy the jury by the evidence that Choate was guilty of negligence before he would be entitled to recovery. If you believe from the evidence that Choate exercised reasonable care with reference to the character and kind of timber employed or used in the construction of the scaffold from which plaintiff fell, it is your duty to return a verdict in favor of the defendant.

The witness Dunham stated that he had known Jernigan about two months before the accident, and had worked with him every day since the accident except Sunday, and was permitted to state over the objection of the defendant that he had noticed a difference in his actions or manner since the accident, and especially as to his memory.

Tillman, Bradley & Morrow, E. L. All, and T. A. McFarland, all of Birmingham, for appellant.

The defendant was entitled to the affirmative charge, since the negligence was charged to Choate, while the negligence proven was that of Poindexter. 14 Ala. App. 380, 70 South. 986; 200 Ala. 555, 76 South. 913; 198 Ala. 90, 73 South. 436; 202 Ala. 341, 80 South. 423. Poindexter's duty to furnish proper material was personal. 144 Ala. 280, 40 South. 211. There cannot be a recovery under the third count. 171 Ala. 274, 55 South. 185; 177 Ala. 378, 58 South. 900, and authorities supra. The court erred in permitting the nonexpert testimony. 107 Ala. 151, 18 South. 234; 174 Ala. 521, 56 South. 571.

Black, Altman & Harris, of Birmingham, for appellee.

No one can justify his tort by saying that he did it upon the orders of another. 112 Ala. 588, 21 South. 352; 16 Or. 381, 18 Pac. 641; 38 Cyc. 470. The facts of variance must be called to the court's attention. 201 Ala. 582, 79 South. 4; 16 Ala. App. 414, 78 South. 408; S. C. Rules 34 and 35. The court properly refused the requested charges. 68 South. 545; 158 Ala. 438, 48 South. 380.

McCLELLAN, J. Action for damages for personal injuries instituted by the servant (appellee) against the master (appellant). The amended third, a superintendent's count, was the only count the averments of which were submitted to the jury. The substance of this count reads:

"Plaintiff further avers that his injuries were proximately caused by the negligence of J. A. Choate, who was in the service or employment of the defendant, and who had superintendence intrusted to him, and whilst in the exercise of such superintendence the said Choate negligently permitted and suffered the said scaffold to be constructed in an unsafe way, in that defective and unfit material was used in its construction, so that it was dangerous and unfit for the purpose for which it was intended, as a scaffold."

In addition to the general issue, the defense asserted (in plea 6) was contributory negligence on the part of the plaintiff, in this: That plaintiff breached his duty in going upon the scaffold when he knew, or by the exercise of reasonable care would have known, that it was dangerous for him to do so.

[1] The pith of the major proposition argued for appellant on this appeal is that one Poindexter (not Choate, to whom alone the negligence in superintendence is attributed through amended count 3) was the superintendent to whom the negligence indicated by the evidence was alone attributable, in proximate consequence of which plaintiff was injured. Certainly, if such was the case, defendant was improperly refused the general affirmative charge requested, since a plaintiff cannot recover where the superintendence is declared of one and the evidence refers alone to another. L. & N. R. Co. v. Carter, 195 Ala. 382, 387, 70 South. 655, Ann. Cas. 1917E, 292. The defendant's contention is not justified on the record.

[2] There was evidence, particularly of the witness Choate, tending to show that he was a superintendent, within the purview of subdivision 2 of Code, § 3910, and that negligence proximately causing plaintiff's injury intervened whilst Choate was exercising his superintendence. Plaintiff was a brick mason, working, when injured, on a brick wall some 50 feet above the ground. The masons building the wall followed it upward on scaffolding constructed, as needed, to support and facilitate the work as the wall progressed. The scaffolding, some of the testimony went to show, was made of timbers that had been often used for such purposes; that had not been protected from the weather during a year or more; and that a larger piece than was used was the "proper size" to be used in the place at which this higher stage of the scaffolding gave way. Poindexter was the "carpenter superintendent," the erection of scaffolding like this being work the carpenters were required to do. Choate was the "carpenter foreman" on and about such work. Choate testified that he asked (Poindexter, we assume) "for a quantity of scaf-

fold timber," not "for any special timbers"—these having "run short"; that his "instructions was to build the scaffolds out of the material that I [he] could find"; and that he found the material out of which this scaffold was built "in the scrap pile." He further testified that it was his (Choate's) business to build scaffolds and to test timbers that were put into scaffolds; "to look after the timbers the best I [he] could;" that he (Choate) "just superintended the work"; that he "was not supposed to do any work;" that he "was supposed to superintend the construction of that scaffold." It is manifest, we think, that, whatever may have been the character of Poindexter's superintendence, it was open to the jury to find, under the quoted testimony, that Choate's superintendence was, at least, of a special character, comprehending the means and negligence causing plaintiff's injury. Williamson Iron Co. v. McQueen, 144 Ala. 265, 274, 40 South. 306. There is no warrant in the evidence to conclude, as a matter of law, that Poindexter's superintendence occupied exclusively the sphere that the evidence authorized the jury to find was the sphere in which Choate was a superintendent—a sphere the breach of his duty in which caused plaintiff's injury. There was evidence tending to show that he chose deficient or defective material for the purpose that he should or must have known involved danger to masons using the scaffold. The defendant was not entitled to the general affirmative charge requested.

The decisions noted on the brief for appellant contain no pronouncement opposed to the conclusion stated.

[3, 4] There was no error in refusing the requests for instruction copied (without number) in the fifth and sixth assignments of error. Each of these requests improperly restricted the issues due to be submitted to the jury. The former would have limited Choate's discharge of duty—without reference therein to the superintendence phases of the evidence indicated—to his use of the best timber available; whereas the obligation, features of the evidence tended to show, was broader, comprehending the efficient stability and safety of the scaffold for use by the masons. The like considerations justified the court in refusing the request copied in the sixth assignment. Furthermore, the oral charge of the court contained a satisfactory statement of the character and extent of Choate's duty in the premises and the bases for a conclusion that such duty was breached. The refusal of these requests might be well justified by reference to other less meritorious considerations.

[5] Under the pertinent doctrine of Burney v. Torrey, 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33, the witness Dunham, a nonexpert, was shown to have sufficient ac-quaintance with plaintiff to form and express an opinion of his mental impairment after this injury was suffered. The matter sought by the questions propounded to Dunham did not involve knowledge of another's cognition within the rule of Bailey v. State, 107 Ala. 151, 18 South. 234, and others in that line.

The judgment is not affected with error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.