. **FEORE v. TRAMMEL. (1 Div. 313.)**

(Supreme Court of Alabama. Dec. 18, 1924.)

**1. Negligence ☞110—Plaintiff must allege relationship and facts showing duty.**

Negligence may be charged in general terms, but plaintiff must allege relationship between parties and facts showing duty owing by defendant to plaintiff, and breach of such duty may be averred by way of conclusion.

**2. Municipal corporations ☞706(1)—Allegation of collision "at" "street" intersection held sufficient.**

Averment that automobile collision occurred "at" intersection of named streets held sufficient, with other allegations, to show that accident happened at part of street proper, common to public highways named; "street" being public highway in city or town, a way with right of use by public for purpose of travel, and "at" meaning "in."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, At; Street.]

**3. Appeal and error ☞207—Improper argument, withdrawn by counsel, not reviewable without objection and exception to ruling, unless highly prejudicial.**

Improper argument, withdrawn by counsel, cannot be reviewed, in absence of objection and exception to court's ruling, unless so grossly improper and highly prejudicial that retraction could not destroy its sinister influence.

**4. Appeal and error ☞207—Withdrawn argument of counsel held not so highly prejudicial as to be reviewable without exception to ruling on objection.**

Statement by plaintiff's counsel in argument to jury, "I saw recently in the public press where a young man, who had injured another, had all of his estate transferred from him to the person who was injured," held not so grossly improper and highly prejudicial as to be reviewable, without exception to overruling of objection, after withdrawal by counsel.

**5. Appeal and error ☞843(2)—Improper argument presented only by ruling on motion for new trial not considered on reversal on other grounds.**

Improper argument, presented only by ruling on motion for new trial, will not be considered, where case is reversed on other grounds.

**6. Witnesses ☞378 — Bias or prejudice for jury in weighing testimony.**

Bias or prejudice of witness is always pertinent inquiry for jury in weighing testimony.

**7. Appeal and error ☞1060(1)—Reference in argument to "insurance end of it," as explaining insurance agent's anger on witness stand, held not reversible error, in view of evidence.**

In action for injuries in automobile collision, statement of plaintiff's counsel in argument to jury, with reference to testimony of insurance agent, whom he stated became angry on cross-examination, that "whether it was the insurance end of it that made him angry, or just his imagination, I do not know," held not reversible error, in view of unconflicting evidence that witness had no insurance on defendant's car.

**8. Witnesses ☞329, 372(2)—Cross-examination to test bias or accuracy as to marks shown plaintiff's attorney as those of defendant's held not error.**

In action for injuries in automobile collision, cross-examination of defendant's witness to test bias or accuracy of his testimony as to what marks he showed plaintiff's attorney as those of defendant's car, held not error.

**9. Evidence ☞601(5)—Automobile held sufficiently identified to permit evidence of its condition.**

In action for injuries in automobile collision, car, which witness testified he saw "bungled up" immediately after accident, held sufficiently identified by other testimony accounting for presence of other cars in vicinity at time.

**10. Evidence ☞549—Predicate for expert testimony as to possible effects of brain concussion held sufficient.**

Testimony of attending physician as to nature of plaintiff's injuries held to warrant another physician's expert testimony as to possibility of severe concussion of brain affecting senses of smell and taste.

**11. Evidence ☞473—Nonexpert testimony as to plaintiff's condition before and after injuries held admissible.**

Nonexpert's testimony by deposition as to plaintiff's nervous condition before and after injuries held admissible as mere shorthand rendition of physical facts.

**12. Trial ☞194(16)—Instruction as to meaning of right of way ordinance held not error as authorizing recovery, irrespective of cause of collision.**

Instruction that ordinance meant that people going north or south and attempting to cross street running east or west must slow down to such speed as to be able to avoid collision with vehicles going east and west held not erroneous as amounting to affirmative charge for plaintiff, no matter what brought about collision; any misleading tendency of language being correctable by explanatory charge.

___

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**13. Witnesses ⟨⟩248(2)—Testimony as to defendant's competency to drive held not responsive to question.**

Testimony that "it was not necessary to teach Miss F. to drive," and that she was thoroughly competent to drive, *held* not responsive to question, "How do you know what he did when he got away from the garage?"

**14. Appeal and error ⟨⟩1058(2) — Exclusion of testimony as to whether defendant drove carefully held not error in view of other testimony.**

Where witness was permitted to testify, in answer to question whether defendant was experienced automobile driver, that, from way she handled car in his presence, she was fairly capable, there was no error in not permitting him to answer immediately preceding question as to whether she drove carefully or recklessly when he saw her drive; issue being her willful acts at time of collision.

**15. Negligence ⟨⟩11—Intentional injury ground of liability.**

Consciously and intentionally doing or omitting to do some known duty which will probably result in or produce, and does produce, injury to another as proximate consequence, will subject to liability.

**16. Trial ⟨⟩295(6)—Instruction defining malicious conduct held not prejudicial to defendant in view of entire charge.**

Oral charge that malicious act is not necessarily one done as result of hatred or ill will, but may be act done with full consciousness of surrounding circumstances and probable injury to another, etc., *held* not error of which defendant could complain, when considered in light of whole charge.

**17. Negligence ⟨⟩11—Elements of "intentional injury" and "wanton injury" different.**

"Intentional injury" and "wanton injury" are moral equivalents, but elements are different, and proof of one does not prove other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intentional Injury; Second Series, Wanton Injury.]

**18. Negligence ⟨⟩11—Elements of "willful or intentional injury" and "wantonness" stated.**

To establish "willful or intentional injury" it must be shown that it was inflicted designedly and intentionally, and to constitute "wantonness" that party charged, or servant acting for him, was conscious of conduct causing injury, and from his knowledge of existing conditions that injury would likely or probably result from his conduct or omission, and with reckless indifference to consequences consciously and intentionally did wrongful act or omitted to discharge known duty, thereby producing injurious result complained of.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wantonness; Willful—Willfully.]

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by Ruby M. Trammel against Esther Feore. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 1 is as follows:

"Plaintiff claims of the defendant $20,000, for that, on, to wit, October 26, 1922, the defendant negligently drove an automobile into an automobile in which the plaintiff was riding, at the intersection of Conti and Bayou streets, in the city of Mobile, Ala., and as a proximate result of said negligence on the part of the defendant, the plaintiff was seriously and permanently injured, and caused to suffer great pain, and to permanently lose her sense of smell and taste; that she incurred large expense by way of doctor's bills and medicine, and was caused to lose a great deal of time from her business or work, all to her damage as aforesaid."

On cross-examination defendant's witness Wilson testified that he had gone with plaintiff's attorney to the scene of the accident shortly after it occurred and showed the attorney two marks that looked like a place where an automobile had skidded. Plaintiff then propounded this question, defendant's objection to which was overruled:

"Wait a minute—skidded from the west side of Bayou street—didn't you show me some marks on the west side of Bayou street, which started at least 10 feet north of Conti street, and showed plumb up to that telegraph pole that you were showing me, and say that those were the marks that you concluded had been made by the Maxwell car?"—the car in which defendant was riding.

To the question asked the witness Griffin whether he saw a car against the curbing "bungled up," defendant objected on the ground that there had been no proper identification of the car.

The witness Dr. Inge testified for plaintiff that he had treated plaintiff for injuries received in an automobile accident; that she had a lacerated scalp, that there were multiple bruises about her body, and that she was badly shocked, upset, and hysterical.

Plaintiff's witness Dr. Wright testified that he was an eye, nose, and throat specialist, and it was admitted he was an expert. Whereupon he was asked the question quoted in the opinion, to which defendant objected on the ground that the question was not hypothesized on the facts in the case.

By his deposition taken for the plaintiff the witness McDermott testified that he had been working in the same office with plaintiff for four years. Over defendant's objection this witness was interrogated, and made answer, as follows:

Q. "What was her nature or disposition as to being quiet or nervous or complaining prior to the accident? A. She never complained and she never showed any signs of nervousness at all.

Q. "Did you notice any change in her? A. Yes sir, she was always nervous."

Defendant objected to the following excerpt from the oral charge of the court:

"A malicious act in law is not necessarily an act that is done as the result of hatred or ill will; but an act can be maliciously done so far as the definition of malice is concerned, if the act done is done having full consciousness of the surrounding circumstances and that the result of the act done will probably result in the injury to another who is rightfully going about his business—and if a person then intentionally and willfully injures another by disturbing that other in the enjoyment of his legal and lawful rights, and is conscious of the fact that his action will so result in injury, and yet persists in what he is doing and injury follows as a proximate result thereof, that rises as a matter of law to the same thing as if it had been done intentionally and maliciously with the intent to injure."

Inge & Bates, of Mobile, for appellant.

Plaintiff must allege facts showing the relationship between plaintiff and defendant, a duty owing by defendant to plaintiff, and a breach. B. R., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304; L. & N. v. Holland, 164 Ala. 73, 51 So. 365, 137 Am. St. Rep. 25; Sloss Co. v. Bibb, 164 Ala. 62, 51 So. 345; L. & N. v. Kelly, 198 Ala. 648, 73 So. 953; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; A. G. S. v. Moore, 19 Ala. App. 73, 95 So. 207; Western Ry. of Ala. v. Madison, 16 Ala. App. 588, 80 So. 162; A. C. L. v. McLendon, 18 Ala. App. 669, 94 So. 193; M. L. & R. Co. v. Harold, 20 Ala. App. 125, 101 So. 163. The duty of due care to avoid collision remains reciprocal on the driver of each car approaching a crossing, although one may have the right of way under an ordinance. Ray v. Brannan, 196 Ala. 113, 72 So. 16. Argument to the jury cannot be based on facts or matters not within the record. Ala. I. & F. Co. v. Benenante, 11 Ala. App. 644, 66 So. 942; Watts v. Espy, 211 Ala. 502, 101 So. 106. It was prejudicial error for plaintiff's counsel to intimate, in argument to the jury, that defendant is indemnified against loss by an insurance company. Standridge v. Martin, 203 Ala. 486, 84 So. 266; Watson v. Adams, 187 Ala. 490, 65 So. 528, Ann. Cas. 1916E, 565; Long v. K. C. M. & B., 170 Ala. 635, 54 So. 62; Ala. I. & F. Co. v. Benenante, supra; Watts v. Espy, supra. When the plaintiff claims that the injury was willfully inflicted, it must be shown that it was done intentionally and designedly. Adler v. Martin, 179 Ala. 97, 59 So. 597; B. R. & E. Co. v. Bowers, 110 Ala. 328, 20 So. 345. A higher degree of proof is required to establish a willful wrong than is required to prove wanton negligence. L. & N. v. Calvert, 170 Ala. 565, 54 So. 184; Sou. Ry. v. Benefield, 172 Ala. 588, 55 So. 252, 35 L. R. A. (N. S.) 420; H. A. & B. Ry. v. Swope, 115 Ala. 287, 22 So. 174; B. R., L. & P. Co. v. Norton, 7 Ala. App. 571, 61 So. 459; A. G. S. v. Moorer, 116 Ala. 642, 22 So. 900; Ga. Pac. v. Lee, 92 Ala. 262, 9 So. 230; L. & N. v. Webb, 97 Ala. 308, 12 So. 374; H. A. & B. Ry v. Sampson, 91 Ala. 560, 8 So. 778; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Vessel v. S. A. L., 182 Ala. 589, 62 So. 180.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

The allegation that the accident happened at the intersection of the streets named was sufficient to show a duty on defendant. N., C. & St. L. v. Cox, 18 Ala. App. 672, 94 So. 247; A. & W. P. v. A. B. & A., 125 Ga. 529, 54 S. E. 736. The argument objected to was withdrawn, there was no exception to the ruling of the court, and there was no error. Anderson v. State, 209 Ala. 43, 95 So. 171; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543. The questions to the witness McDermott were proper as calling for a shorthand rendition of facts. Cummings v. McDonnell, 189 Ala. 96, 66 So. 717; Long v. Seigel, 177 Ala. 338, 58 So. 380; Perrine v. Sou. B. Co., 190 Ala. 96, 66 So. 705; A. G. S. v. Molette, 207 Ala. 624, 93 So. 644; Koppers Co. v. Jernigan, 206 Ala. 159, 89 So. 706. The court's reference in oral charge to the city ordinance was proper, but if misleading, the defendant should have asked an explanatory instruction. Drennen v. Smith, 115 Ala. 396, 22 So. 442; McBride v. Sullivan, 155 Ala. 166, 45 So. 902; 12 Michie's Ala. Dig. 517.

THOMAS, J. The suit is for damages for personal injury inflicted in an automobile accident occurring at the intersection of public streets in the city of Mobile. The plaintiff was a guest of Miss Mott in her automobile, which was going east on Conti street, while the car of defendant was being driven by her, and was proceeding south on Bayou street when the collision occurred which caused the injury of which complaint is made.

The appeal is taken from the judgment against defendant and from the order refusing the motion for a new trial. The motion for a new trial was rested upon the grounds, among others, that the damages awarded were excessive and that the argument of counsel, to which objection was made, was improper.

The trial was upon count 1, for simple negligence, count A, charging willful injury, and count B, alleging that defendant willfully and maliciously injured plaintiff. Defendant's traverse thereof was the general issue. There are many assignments of error. For convenience, they will be considered in the order of respective arguments of counsel relating thereto.

[1, 2] Negligence may be charged in general terms. However, a plaintiff must allege the relationship between the parties litigant,

and show by the facts averred a duty owing by the defendant to the plaintiff; and a breach of that duty may be averred by way of conclusion. B. R., L. & P. Co. v. Littleton, 201 Ala. 141, 77 So. 565; A. F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541; L. & N. R. R. Co. v. Johnson, 162 Ala. 665, 50 So. 300; B. R., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304; L. & N. R. R. Co. v. Kelly, 198 Ala. 648, 73 So. 953. When the averments of count 1 are considered as a whole, there was no error in overruling demurrer thereto. It is sufficient to show the relation of the parties, and duty, in the premises, of defendant to plaintiff. To be more specific, the averment that the collision occurred at the intersection of Conti and Bayou streets, when considered with the other allegations of the count, is sufficient to show that the accident happened at the intersection of those streets or that part of the street proper which was common to the two public highways named. It is hardly necessary to observe that the word "street" is defined as a public highway in a city or town—a way with the right of use by the public for the purpose of travel. A. & W. P. R. Co. v. A. B. & R. Co., 125 Ga. 529, 54 S. E. 736; M. & O. R. Co. v. State, 51 Miss. 137; State v. Beeman, 35 Me. 242; Pittsburg, etc., Co. v. Hays, 17 Ind. App. 261, 44 N. E. 375, 45 N. E. 675, 46 N. E. 597; In re Woolsey, 95 N. Y. 135; In re Penny Pot Landing, 16 Pa. 79; Debolt v. Carter, 31 Ind. 355. The word "at," as used in count one of the complaint, meant "in." Halstead v. Woods, 48 Ind. App. 127, 95 N. E. 429; Jenkins v. State, 4 Ga. App. 859, 62 S. E. 574.

The evidence showed plaintiff's permanent injury (the loss of her senses of smell and of taste), and that her nervous system is injuriously affected, physical injuries for which she was confined in a hospital about 12 days, that she lost time (about one month) from her work, and the reasonable expenses for hospital, nurses, and surgeons of about $300 incurred by her.

It will not be necessary to review the ruling on refusal to grant a new trial.

[3, 4] As to the argument of plaintiff's counsel, to which exception was reserved, and on which the motion for new trial was based, the bill of exceptions recites:

"During the course of the argument to the jury for the plaintiff, * * * one of the attorneys for the plaintiff said to the jury: 'I saw recently in the public press where a young man, who had injured another, had all of his estate transferred from him to the person who was injured.'

"The defendant immediately and in the presence of the jury, objected to the above statement to the jury, whereupon Mr. Smith said: 'Counsel was interrupted by the objection before completing his statement. I withdraw the statement.'

"The court then said: 'The gentleman withdraws the contention, and it is not before the jury, and that ends it.'

"Counsel for defendant thereupon contended that that did not end it; that it had been made to the jury and was before them."

[5] Unless this argument is so grossly improper and highly prejudicial that retraction could not destroy its sinister influence, there must be objection and exception to the action or ruling of the court. Anderson v. State, 209 Ala. 43, 95 So. 171. There was no exception taken to the ruling. The remark of counsel in question did not come within the rule of Watts v. Espy (Ala. Sup.) 101 So. 106.[1] Davis, Dir. Gen., v. Quattlebaum, 210 Ala. 242, 97 So. 701; Moulton v. State, 199 Ala. 411, 74 So. 454; Anderson v. State, 209 Ala. 43, 95 So. 171; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Metropolitan Life Ins. Co. v. Carter (Ala. Sup.) 102 So. 130.[2] We do not pass upon the foregoing argument, since it is only presented by the ruling on the motion for a new trial, and the case being reversed on other grounds, under our rule, we do not come to a consideration of the ruling of the court on refusing to grant the motion for a new trial.

[6, 7] We do not think there was reversible error in the further argument of counsel, to which exception was duly reserved, as follows:

"The evidence shows that Mr. Wilson is an insurance agent. When he was cross-examined he became angry because his testimony was not accepted without question. His testimony was in conflict with that of every eyewitness. Whether it was the insurance end of it that made him angry or just his imagination, I do not know."

[8] The exception was limited to the last sentence of said argument. It was a mere criticism of the conduct of the witness in question and an appeal to the jury to draw an adverse inference of the motive of the witness giving rise to the feeling of anger of the witness. It was in evidence that the witness was an insurance agent, and had been to the scene of the accident. There was no conflict in the evidence that said witness had no insurance on the car, and that neither he nor his company were subject to liability for the collision. The question of bias or prejudice of a witness is always a pertinent inquiry for the jury in weighing the testimony of the witness. The reference to "the insurance end of it," as applied to the witness, or his anger on the witness stand, did not refer to a liability on a policy of insurance against the damages sought, but raised the inquiry for the jury, whether his being an insurance agent and his becoming angry, as he did in giving his testimony, was a tendency of evidence showing bias or prejudice against such a recovery. The question of bias or prejudice was the subject of discussion in Stahmer v. State, 125 Ala. 72, 27 So.

---

[1] 211 Ala. 502.                    [2] Ante, p. 212.

311; Ex parte State (Johnson v. State), 199 Ala. 255, 74 So. 366. There was no error in the cross-examination of the witness J. P. Wilson, testing the bias or the accuracy of his evidence.

[9] It was competent, with the other evidence as to the other cars in that vicinity immediately after the accident, to show by the witness Griffin that he saw a car against the curbing immediately after the accident, and that it "had been bungled up." The witness Pearson accounts for the four cars in that vicinity at the time in question, showing that no reversible error had intervened in the admission of said evidence.

[10] There was sufficient predicate for the question to Dr. Wright, "Is it possible for a severe concussion of the brain to affect the sense of smell and taste?" and the answer, "Yes, it is possible." The injury and the effect had been shown; the cause was for a medical expert. The questions and answers of the witness Dr. Inge were sufficient to warrant the question and answer of Dr. Wright.

[11] The evidence, by deposition, of the witness McDermott, a nonexpert, was a mere shorthand rendition of physical facts of plaintiff's condition before and after the accident. State v. Flancher (Ala. App.) 100 So. 616;³ Perrine v. So. Bitulithic Co., 190 Ala. 96, 66 So. 705; Long v. Seigel, 177 Ala. 338, 58 So. 380; A. G. S. R. R. Co. v. Molette, 207 Ala. 624, 93 So. 644; Koppers Co. v. Jernigan, 206 Ala. 159, 89 So. 706.

[12] The appellant (defendant) was driving her car south on Bayou street, which is shown to run north and south, and the car in which appellee (plaintiff) was a guest at the time of her injury was proceeding east along Conti street and approaching the intersection of that thoroughfare with Bayou street in the city of Mobile. Sections 8 and 9 of an ordinance of that municipality were admitted in evidence. The court, in the oral change, said that that ordinance needed no particular explanation, and that:

"It is plain and unambiguous, and it simply means that people driving easterly or westerly have the right of way over people going northerly or southerly, and that people going northerly or southerly and attempting to cross a street running easterly or westerly must slow the motor vehicle down to such a slow rate of speed as to enable them to avoid collision with vehicles going east and west."

To this instruction exception was reserved by defendant. It is now insisted that said instruction amounted to an affirmative charge for plaintiff, "no matter what brought about" the collision, and that the same question was considered in Ray v. Brannan, 196 Ala. 113, 115, 72 So. 16.

It is pointed out that the respective ordinances are different. In Ray v. Brannan,

³ 20 Ala. App. 28.

supra, the court instructed the jury, in effect, that, "since vehicles traveling on Government street have the 'right of way' at the crossing over vehicles traveling on Warren street, a vehicle on Warren street must at its peril avoid collision with a vehicle on Government street, no matter how carefully and lawfully the former, and no matter how recklessly and unlawfully the latter, may be traveling"— that the verdict should be for the defendant. Such is not the instruction to which exception was taken in the present case, and which is quoted in the paragraph next above. The instant charge did not instruct the jury that the mere violation of said ordinance constituted a liability, but the language of the ordinance was used in defining defendant's right and duty in the premises; and the language of the court, if subject to misleading tendency, should have been guarded against by an explanatory charge.

[13, 14] The answer of the witness Molony that "it was not necessary to teach Miss Feore to drive; Miss Feore is thoroughly competent to drive"—is not responsive to the question, "How do you know what he did when he got away from the garage?" The witness was permitted to answer the question by defendant, "Will you please state whether or not she [defendant] is an experienced automobile driver?" saying that, "from the way Miss Feore handled the car in my presence, she was fairly capable." There was no error in not permitting the witness to answer the immediately preceding question, "When you saw her drive an automobile, did she drive it carefully, or did she drive it recklessly?" The issue for the jury was her willful acts at the time of the collision.

[15, 16] Defendant, appellant here, can take nothing from the definition given by the court of malicious conduct. That charge places as great a burden (if not more) upon the plaintiff than is warranted by the decisions of this court. A conscious and reckless indifference to consequences—consciously and intentionally doing or omitting to do some known duty which will probably result in or produce, and which did produce, as the proximate consequence thereof, the injury which resulted to plaintiff—will subject to liability. When the whole definition given by the court is considered in its appropriate place in the oral charge, no error intervened by reason of that instruction. Shepard v. L. & N. R. R. Co., 200 Ala. 524, 76 So. 850; Alabama Power Co. v. Conine, 210 Ala. 320, 97 So. 791; B. R., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304.

The amended complaint consisted of count A, charging willful injury caused by defendant's driving into or against the automobile in which plaintiff was riding, and count B, charging "that the defendant willfully and maliciously injured the plaintiff by then and there willfully and maliciously causing the

automobile which defendant was driving to run into or against the automobile in which plaintiff was riding at the intersection of said Conti and Bayou streets." Affirmative charges were requested and refused as to said counts.

[17, 18] Be it understood that "intentional injury" and "wanton injury" are "moral equivalents," but "their elements are different, and proof of the one would not suffice of proof of the other." B. R., L. & P. Co. v. Ryan, 148 Ala. 69, 41 So. 616; A. G. S. R. Co. v. Ensley Transfer & Supply Co. (Ala. Sup.) 100 So. 342.[4] If willful injury is charged, it must be shown that it was "intentionally and designedly" done. Adler v. Martin, 179 Ala. 97, 109, 59 So. 597, and authorities. In Birmingham Ry. & Elec. Co. v. Bowers, 110 Ala. 328, 20 So. 345, it is declared:

"Where a person, from his knowledge of existing circumstances and conditions, is conscious that his conduct will probably result in injury, and yet, with reckless indifference, or disregard of the natural or probable consequences, but without having the intent to injure, he does the act, or fails to act, he is guilty of wanton negligence. A purpose or intent to injure is not an ingredient of wanton negligence, and if either of these exists, and damage ensues, the injury is willful."

This distinction has since been observed by this court. So. Ry. Co. v. Wooley, 158 Ala. 447, 48 So. 369; Merriweather v. Sayre Min. & Mfg. Co., 161 Ala. 441, 49 So. 916; Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219; L. & N. R. R. Co. v. Calvert, 170 Ala. 565, 54 So. 184; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Adler v. Martin, 179 Ala. 97, 59 So. 597; Vessel v. S. A. L. Ry. Co., 182 Ala. 589, 62 So. 180; Shepard v. L. & N. R. R. Co., 200 Ala. 524, 76 So. 850, and authorities.

It follows from the decisions that to establish a willful or intentional injury the proof must establish the same was inflicted designedly and intentionally; to constitute wantonness, that the party charged, or his servant acting for him in the premises, was conscious of the conduct which caused the injury, and conscious, from his knowledge of the existing conditions, that injury would likely or probably result from his conduct or omission to act, and with reckless indifference to consequences he consciously and intentionally did the wrongful act or omitted to do or discharge some known duty in the premises which produced the injurious result declared for in the complaint. Shepard v. L. & N. R. R. Co., 200 Ala. 524, 76 So. 850; Alabama Power Co. v. Conine, 210 Ala. 320, 97 So. 791; B. R., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304.

We cannot say from the evidence that defendant was conscious of her conduct and duty in the premises, from her knowledge of the existing conditions, and that injury would probably result from her commissions, and, with reckless indifference to the probable consequences, she consciously, intentionally, and designedly drove into, or permitted her car to collide with, the Mott car in which plaintiff was riding as a guest of Miss Mott. The affirmative charge requested by defendant as to the counts added during the trial by way of amendment should have been given.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

