170 So. 93

SOUTHERN RY. CO. v. CLARK.

8 Div. 306.

Court of Appeals of Alabama.

Oct. 6, 1936.

Milo Moody and H. T. Foster, both of Scottsboro, for appellee.

SAMFORD, Judge.

Plaintiff's intestate, James Clark, was struck and killed by one of defendant's locomotives at a point on defendant's track between Hollywood and Scottsboro. The date was in March and the time was "nearly night." The defendant's track at and near the place where the accident occurred was straight, with an undulating grade almost level for a long distance, and the point at which the plaintiff's intestate was struck was in a wooded section through which the right of way ran. The train and locomotive which struck plaintiff's intestate was traveling west at a rate of speed of about 30 miles per hour and consisted of a locomotive and 73 freight cars. At the point of the accident the grade was slightly down. The locomotive was equipped with all modern appliances, and the train with modern air brakes, and, going at the rate of 30 miles per hour could have been stopped in 300 yards. The engineer and fireman were at their posts and keeping a lookout ahead.

According to the testimony of the employees of defendant who were on the locomotive at the time of the accident, plaintiff's intestate was recognized as a human being when the locomotive was 75 feet away from where he was struck, and, when so recognized, the engineer immediately sounded the alarm, applied the emergency brake, and stopped the train within a distance of seventeen car lengths, which, according to the testimony of C. J. Hill, defendant's engineer who had an experience of 23 years in the running and stopping of trains, was as quick a stop as could be made under the circumstances.

There was testimony that the whistle of the locomotive was blown some half-mile up the track in an effort to show that plaintiff's intestate was discovered at that point, but this evidence will be adverted to later in this opinion.

Plaintiff's intestate was drunk. He had lain down on the track shortly prior to the passage of a passenger train going east and had been removed from that position by two friends, who left him sitting off the track. At the time he was killed, he was lying face down on the outside of

Stokeley, Scrivner, Dominick & Smith, of Birmingham, W. H. Mitchell, of Florence, and Brown & Thompson, of Scottsboro, for appellant.

the rail on the end of the cross-ties, dressed in faded blue overalls, with his feet in the direction of the approaching train which killed him.

Some effort was made to prove that at the point of the accident the defendant's track was much used by the public in going to and from Scottsboro, but in this we think there was a complete failure to prove such use on the part of the public as would have brought knowledge of the fact to the defendant or its employees, and, therefore, we need not discuss this part of the testimony, but will content ourselves with holding, as a matter of law, that under the evidence in this case plaintiff's intestate, at the time he was killed, was a trespasser upon defendant's railroad track.

■■ The case went to the jury on the second count of the complaint, which charged "that on or about said date (11th day of March, 1935), at a point on this said railroad about three and a half miles east of Scottsboro, Alabama, the agents and servants of the defendant willfully, wantonly, and intentionally propelled a locomotive and train of cars against plaintiff's intestate and killed him."

There is eliminated from the complaint both the counts charging simple negligence, and therefore the plaintiff's case must stand or fall upon the wanton count. To constitute wantonness, it must be shown that the defendant's agent operating defendant's locomotive was conscious of his conduct and conscious from his knowledge of the existing conditions that injury to the plaintiff would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did the wrongful act or omitted some known duty which produced the injurious result. Birmingham Ry., Light & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304. It is also laid down as a rule in Southern Bell Telephone, etc., Co. v. Miller, 192 Ala. 346, 68 So. 184, that wanton negligence is not established by proof of a mere breach of duty, but proof must show knowledge on the part of defendant or its servants of the existence of conditions which would make it or them conscious that injury would likely or probably result as the proximate result of said breach of duty. In other words, there must be a knowledge or consciousness of the existence of conditions which would likely or probably result in injury, as distinguished from a mere negligent failure to discover said dangerous condition.

In Feore v. Trammel, 212 Ala. 325, 102 So. 529, 533, the Supreme Court of this state has undertaken to draw a slight distinction between intentional injury and wanton injury in that their elements are different and proof of the one would not suffice of proof of the other. Citing many authorities, the Supreme Court concludes: "It follows from the decisions that to establish a willful or intentional injury the proof must establish the same was inflicted designedly and intentionally; to constitute wantonness, that the party charged, or his servant acting for him in the premises, was conscious of the conduct which caused the injury, and conscious, from his knowledge of the existing conditions, that injury would likely or probably result from his conduct or omission to act, and with reckless indifference to consequences he consciously and intentionally did the wrongful act or omitted to do or discharge some known duty in the premises which produced the injurious result declared for in the complaint." Sustaining this conclusion, the Supreme Court cites Shepard v. Louisville & N. R. Co., 200 Ala. 524, 76 So. 850; Alabama Power Co. v. Conine, 210 Ala. 320, 97 So. 791; Birmingham Ry., L. & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304.

■■ Viewing the evidence in this case most favorably to the plaintiff, it cannot be said that the engineer in charge of defendant's locomotive was conscious of the fact that plaintiff's intestate was a human being within such time as would have permitted him to have stopped the train so as to have avoided striking plaintiff's intestate.

Verdicts of juries cannot be permitted to rest upon mere speculation, and it would be the merest speculation to say that because defendant's engineer blew the whistle 2,160 feet up the track from the point of the accident, at a time of the day when it was deep dusk, with the headlight on the locomotive burning, he could have recognized as a human being a person lying on the outside of the rail, on the end of the cross-ties, face down. dressed in faded overalls and a faded cap. Without such a conclusion, the only other evidence of a consciousness of plaintiff's intestate's danger rests on the testimony of the engineer and flagman, whose positive evidence, coupled with the action of sounding the alarm and stopping the train suddenly, is to the effect that the discovery of the plaintiff's intestate's peril was within less than 100 feet of the point of contact. In the case of Northern Alabama R. Co. v. Henson, 210 Ala. 356,

98 So. 18, 19, in which the facts were very similar to the case at bar, Mr. Justice Somerville said: "Our conclusion is that the evidence does not support a finding for plaintiff under either the second or third count of the complaint, and that the trial judge erroneously refused to give for defendant the general affirmative charge as duly requested in writing."

Basing our conclusions on the facts as applied to the rules hereinabove set out, we hold that the evidence in this case does not justify such inferences as would entitle the plaintiff to a verdict, and therefore defendant was entitled to the general affirmative charge as requested.

In view of the above holding, it becomes unnecessary to pass upon the other questions raised in the record. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.