## MORRISON v. SPEARS.

| 8 | 93 |
|---|---|
| 144 | 322 |

1. Reference may be made in the declaration to a previous count, for dates, &c., which will be sufficient, although such previous count be held bad on demurrer.
2. A count which does not show, either by an express allegation, or by reference to some other count, that the note sued on was due, when the suit was brought, is bad on general demurrer.

Error to the Circuit Court of Bibb.

ASSUMPSIT by the defendant, against the plaintiff in error, upon an indorsed note, of which he was the maker. The declaration contained four counts, all of which were demurred to, and the demurrer sustained to all, except the third count.

That count charged, that the defendant at, &c., to wit, on the day and year aforesaid, made his certain other promissory note, &c. &c., charging the indorsement of the note to the plaintiff, on

the 16th January, 1843, without alledging when the note was payable, but stating, " that the period had now elapsed."

Upon the trial of the issue, it appeared in evidence, that the indorsement to the plaintiff was made on the 10th January, 1843, and the defendant thereupon objected to the indorsement going to the jury, because of the variance, which the Court overruled ; to which the defendant excepted. He now assigns for error, the overruling the demurrer to the third count, and the admission of the indorsement as evidence.

T. B. CLARKE, for plaintiff in error.

ORMOND, J.—The reference in the third count of the declaration, to the previous counts, for the date of the promissory note, is sufficient, although the previous counts were held insufficient on demurrer, as the allusion was, to the fact distinctly stated in the first count, of the day on which the note was made, and which, therefore, need not be repeated in the succeeding counts, further, than by reference to the allegation previously made. [Mardis' Adm'r v. Shackelford, 6 Ala. Rep.]

The count is still, however, defective, in not alledging, either positively in the count itself, or by reference to a preceding one, when the note became due. The allegation, " which period has long since elapsed," does not tend to show, that the note was due when the suit was brought, as the only point of time to which the allegation can refer, is the date of the note. If, therefore, it were admitted, that an allegation that the note was due at the time the suit was brought, was sufficient, no such allegation is made here. This count was, therefore, bad on general demurrer.

The objection in regard to the variance between the time of the indorsement alledged, and that proved, need not be noticed, as the case must be remanded, and it is not probable it will again occur.

Let the judgment be reversed and the cause remanded.