# Anniston Electric & Gas Co. *v.* Elwell.

*Action for Damages for Personal Injuries.*

[DECIDED JUNE 30, 1905.]

1. *Street Cars; Duty of Motorman to Keep Lookout.*—It is the duty of the motorman, running a street car in a populous city, to keep a lookout for persons liable to be run over by the car, and this duty is not confined to street crossings, but is applicable to the entire line of the street over which people have a right to pass at any time.

2. *Same; Same; Negligence; Wantonness.*—The fact that a car is run rapidly between crossings does not warrant the inference that it was run without caution. A failure to keep a proper lookout is negligence, but willfulness or wantonness cannot be charged, unless it be alleged that the person in charge of the car knew that the place was one where it was likely or probable that people would be on the track, and that the injury occurred by reason of running the car at such speed that it could not be stopped after seeing a person on the track, or that he was guilty of wantonness or willful negligence after discovering the peril of the person injured.

3. *Pleading; Reference in one Count to Allegations of Another.* When one count of a complaint refers to a previous count to show allegations of certain facts, it is not, on that account, demurrable, and this is true, although demurrers to the count referred to had been sustained.

4. *Street Cars; Negligence; Trespasser.*—Where a complaint, claiming damages for personal injuries caused by negligence of the defendant, fails to show that the plaintiff was not a trespasser, it will be presumed that he was such; and as such he cannot recover for injuries caused by simple negligence of the defendant.

5. *Same; Same; Running Car at Greater Speed than Allowed by City Ordinance.*—Running a car on the streets of the city, at a rate of speed forbidden by an ordinance of the city, is simple negligence merely, and does not constitute willful or wanton negligence.

6. *Same; Same; Charge of Court.*—A charge of the court to the effect that, if a motorman of a street car saw the plaintiff's peril, or danger on the track, or could have seen him by the exercise of due diligence and care, and failed to use the means at his command to stop the car after plaintiff's danger was apparent, before it ran against plaintiff's wagon, then such conduct would be equivalent to a willful, wanton or intentional act, is erroneous, since it failed to postulate wanton or willful conduct on the part of the motorman in not stopping the car. His failure might have been due to inadvertence, or simple negligence.

7. *Same; Same; Same.*—When a complaint contains several counts, a charge requested, that the jury should find for the plaintiff on a designated count, is properly refused.

8 *Same; Same; Province of Jury.*—Where the circumstances of a case are such that it may be reasonably concluded that a person was guilty of a willful or wanton act, the question must be submitted to the jury.

APPEAL from Calhoun Circuit Court.

Heard before the Hon. JOHN PELHAM.

This suit was brought by the appellee, E. L. Elwell, against the appellant, and sought to recover damages alleged to have been caused the plaintiff in his person, and also by injury to his horse and wagon. The complaint, as amended, contained eight counts, the first of which, after setting out that the defendant at the time was operating a street car in the city of Anniston, alleged in effect that such damage was caused by the defendant's servant negligently caused a collision between its car and the wagon of the plaintiff, and that, although the defendant by the exercise of reasonable care could have averted the collision, it was brought about by the negligence and lack of care of the defendant's motorman. The allegations of the second count were, in effect, that the plaintiff was driving his wagon across the track of the defendant, on a street in a populous district in the city of Anniston; that he was crossing the track in a diagonal direction, and that one of the rear wheels of the

wagon caught on the outer rail of the track, and instead of mounting it, slid along for some distance, checking the horse; that, at the time, the car of defendant was thirty or forty yards distant, and that the motorman by the exercise of reasonable care and diligence, could have seen the peril and prevented the collision which occurred, but failed to use such care and diligence, thereby causing the injury complained of. The third count was similar, except that 't alleged that the injury was caused by wanton, reckless, or intentional act of the motorman. The fourth count alleged that the defendant caused one of its cars in such populous district to collide with the wagon of plaintiff, while crossing the track under the conditions set out in second count, and the collision was brought about by the defendant's motorman wantonly, recklessly, or intentionally failing to use due care after he became conscious, or had an opportunity to discover the peril of the plaintiff; this count then charged that at the time, the car of the defendant was being run at a rate of speed in excess of that authorized by an ordinance of the city of Anniston. The fifth count was similar to the second. The sixth count alleged that after discovering the peril of the plaintiff, as stated in the first, second and third counts of the complaint, the motorman of the defendant wantonly, recklessly, or intentionally ran the car against the wagon of the plaintiff. The seventh count charges that the car was negligently run against the plaintiff, and he was thereby injured.

Demurrers by the defendant to each count of the amended complaint were overruled, and, thereupon, it filed nine pleas; the first being the general issue, and the others being pleas of contributory negligence, setting out in various forms that the plaintiff was negligent in attempting to cross the track diagonally, and in failing to keep a proper lookout for cars, and in not exercising due care to avoid injury after he discovered, or could reasonably see, his danger. Plaintiff demurred to the special pleas, in so far as they purported to answer the 2, 3, 4, 5, 6 and 7 counts of the complaint, on the ground that such counts alleged wilful or wanton negligence on part of the defendant. Such demurrers were sustained.

The evidence on part of the plaintiff tended to prove the allegations contained in the complaint as to the circumstances of the collision, and that of the defendant tended to show proper care on part of the motorman. In its general charge, the court charged the jury in part as noted in the opinion, and gave written charges for the plaintiff, but as they are not noticed in the opinion, they are not set out. Charges requested by the defendant were refused, numbered and as follows: 1. "The court charges the jury that each one of the defendant's pleas constitute a separate and distinct defense, and if the evidence reasonably satisfies you of the truth of either one of such pleas, then your verdict should be for the defendant." 2. "The court charges the jury that if they are reasonably satisfied from the evidence that the wheel of the wagon the plaintiff was driving slid on the rail of the track and that such sliding of the wheel was the proximate cause of the damage, the plaintiff cannot recover." 3. "The court charges the jury that if the plaintiff attempted to cross the car track, not at a crossing but in or near the middle of the block, when the car was approaching him and in about 30 yards distance, and he failed to exercise reasonable care to judge of his ability to cross the track safely in front of the car, and misjudged his ability to cross in safety in the way he attempted to do, that is, by driving diagonally and in the easterly direction over the track and in front of and towards the car, and thereby contributed to the cause of the injury, then he cannot recover, and you should find for the defendant." 10. "The court charges the jury that if they believe from the evidence that the plaintiff was guilty of negligence as charged in any of the defendant's pleas, which proximately contributed to the injury complained of, then the jury must find for the defendant." 11. "The court charges the jury that if they believe the evidence in this cause, they must find the issues in favor of the defendant on the sixth count of the complaint." Other like charges, applicable to various counts of the complaint, were refused the defendant. 16. "The court charges the jury that if they are reasonably satisfied from the evidence that the plaintiff undertook to drive across the car track diagonally, and towards the

car, as it was moving towards the plaintiff, and by that contributed to his injury, then he cannot recover." 17. "The court charges the jury that there is no evidence in this case that the defendant's motorman in charge of the car wantonly or recklessly ran said car against the wagon as alleged in the complaint." 22. "The court charges the jury that there is no evidence that the place where the injury complained of occurred is within the corporate limits of the city of Anniston." Other charges requested, and refused the defendant, were similar to those above set out.

There was verdict and judgment for the plaintiff, and the defendant appealed.

LAPSLEY & ARNOLD and T. C. SENSABAUGH, for appellant.

TATE & WALKER, for appellee.

SIMPSON, J.—Taking up the assignments of error in the order suggested in appellant's brief: The assignments on the overruling of the demurrer to the various counts, on the ground that said counts failed to allege in what county the injury occurred, if they were valid, were fully met by the amended complaint, which, in each count, alleges that the collision took place in the city of Anniston, Alabama, which city the court judicially knows is in the county of Calhoun.

Counts 2, 3 and 4, as amended, and counts 5 and 6 allege that the occurrence was in a populous district, in the city of Anniston, where a great many persons, horses and vehicles are accustomed to pass.

The duty of a motorman running a street car in a populous city, to keep a lookout for persons, liable to be run over by the cars, is not confined to street crossings, but is applicable to the entire line of the street, over which people have a right to pass at any time.—Nellis on Street Surface Railroads, p. 293, § 8, p. 298, § 9, pp. 319-20. This relates however to the question of negligence. The car may be moved rapidly between crossings, but this does not warrant the inference that it may be run without caution. A failure to keep a proper lookout is negli-

gence, but wilfulness or wantonness cannot be charged, unless there be allegations that the party in charge of the car knew that the place was one where people passed in such numbers and frequency as that it was likely or probable persons would be on the track and that the injury occurred by reason of running at such a speed that the car could not be stopped after seeing a person on the track, or that he was guilty of wilful, reckless or wanton conduct after discovering the peril of the party injured. Nellis on Street Surface Railroads, pp. 317-18, § 14; *Central of Ga. Ry. v. Foshee,* 125 Ala. 199, 226; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367, 382; *Stringer v. Ala. Min. R. R.,* 99 Ala. 397; *L. & N. R. R. v. Anchors,* 114 Ala. 492; *A. G. S. Ry. v. Burgess,* 114 Ala. 587, 594; *Highland Ave. & Belt R. R. v. Swope,* 115 Ala. 287, 306.

Amended count No. 2 alleges only simple negligence, the words "Even though he was conscious," etc., in the latter part of the count being merely the recital of a conclusion based on previous statements, and not the allegation of a fact.

A similar expression in count No. 3 brings it into the same category, but count 4, as amended, fails to allege facts constituting wilful, wanton or reckless conduct, and the demurrer to the same should have been sustained.

The 3rd cause of demurrer should have been sustained as to the 8th count of the complaint. Said count alleges simple negligence, and does not show why the plaintiff was on the track.—*Ensley Ry. Co. v. Chewning,* 93 Ala. 25; *Montgomery v. A. G. S. Ry. Co.,* 97 Ala. 305. Nor does said count show any causal connection between the violation of the city ordinance and the injury inflicted. *So. Ry. Co. v. Prather,,* 119 Ala. 588, 593.

The manner of reference, in the 6th count, to other counts, for the facts, is allowable and the count not demurrable.

The fact that demurrer had been sustained to the 1, 2 and 3 counts, did not cause them to cease to be a part of the record, to which reference could be had.—*Morrison v. Spears,* 8 Ala. 93; *Mardis v. Shackleford,* 6 Ala. 433; *Robinson v. Drummond,* 24 Ala. 174.

The 5th count sufficiently charges simple negligence, and the demurrer to same was properly overruled. The

court cannot say, as a matter of law that the plaintiff was guilty of contributory negligence.

The demurrers to pleas to counts 2, 3, 4, 5, 6 and 7 of the complaint were sustained on the theory that all those counts alleged wilfulness, or wantonness, on the part of the defendant, but, while count 6 did allege reckless, wilful or wanton conduct on the part of the defendant, the others alleged only simple negligence. As to No. 4, in addition to what has been said of that count in a previous part of this opinion, the allegation of running at a speed greater than that allowed by the city ordinance was only simple negligence.

Count No. 5 does not allege any facts going to show reckless, wanton or wilful conduct on the part of the defendant, and count 7 distinctly charges only "negligence." Consequently, the court erred in sustaining the demurrers to the pleas of contributory negligence to said counts.

Referring to that part of the oral charge of the court, which was excepted to by the defendant, while there are expressions in it which might mislead the jury on the subject of what is necessary to constitute wilfulness or wantonness, as distinguished from simple negligence, and a part of it is correct, yet the final statement is that if the motorman "Saw the plaintiff in peril, or danger on the track, or could have seen him by the exercise of said diligence or care and failed to use the means at his command to stop the car, after plaintiff's danger was apparent, before it ran against the plaintiff's wagon, then such conduct would be equivalent to a wilful, wanton or intentional act."

In addition to the fact that it does not state to whom his danger became apparent, it failed "to postulate wanton or wilful conduct on the part of the motorman in not stopping the car. His failure might have been due to inadvertance or simple negligence."—*A. G. S. Ry. v. Williams*, 140 Ala. 230, 235, 238. The charge was erroneous.

Charges 11, 12 and 35, requested by the defendant, were properly refused by the court, as this form of charge has been frequently condemned by this court.

*Goldstein v. Leak,* 138 Ala. 573; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 586.

The court committed no error in refusing to give the 17th charge requested by defendant, as it was a matter for the jury to determine from the evidence, whether or not the circumstances were such as to justify them in finding that the motorman wilfully, wantonly or intentionally ran the car against the wagon.

The 1st charge requested by the defendant was properly refused by the court, as some of the pleas set up facts which would constitute a full defense to some of the counts of the complaint, but not to others, and it depended on what state of facts the jury considered established by the evidence whether or not the defense set up in the plea was sufficient.

Without noticing other objections, charges 2, 3, 10, 16, 27, 28, 31, 32, 33 and 37, were properly refused, because they ignored the possibility of the jury finding that the motorman wilfully, recklessly, or intentionally ran the car against the wagon. The defendant claims that these charges should have been given, because even the counts which profess to allege wilful or wanton conduct are in trespass, and there is no pretense of evidence sustaining such counts.

The 6th count is in case.—*City Delivery Co. v. Henry,* 139 Ala. 161, 166-7. And there being a count charging wilfulness or wantonness and facts in evidence which rendered it necessary to leave that matter to the jury, it would not have been proper to give charges on the subject of contributory negligence, without the hypothesis.

Charge 22 was properly refused, as the witness stated that the accident occurred in the city of Anniston, on a certain street, describing the locality as opposite one of the hotels in that city. In the absence of any proof to the contrary, the jury would have a right to find that it was within the corporate limits of that city.

The judgment of the court is reserved and the cause remanded.

McClellan, C. J., Tyson and Anderson, JJ., concurring.