(102 So. 710)

### BRADLEY et al. v. JOHNSON.　(6 Div. 290.)

(Supreme Court of Alabama. Jan. 15, 1925.)

**1. Master and servant ⬥401—Party suing third person for injuries need not negative applicability of Workmen's Compensation Act.**

An automobilist suing street railway for injuries to person and automobile from collision with street car, need not negative fact that injury was covered by Workmen's Compensation Act (Code 1923, § 7586), but de-

─────────

⬥═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[4] 211 Ala. 298.

fendant should be the actor in pleading the fact, especially as such act does not cover injuries to car.

**2. Street railroads ⊕110(1)—Complaint for injuries held not demurrable for failure to connect defendant with damnifying act.**

Complaint in action by automobilist against street railway for injuries to person and automobile from collision with street car, *held* not subject to demurrer for failure to connect defendant with damnifying act.

**3. Street railroads ⊕117(36)—Evidence on issue of wantonness held insufficient for jury.**

In action against street railway for injuries, based on alleged wanton misconduct of defendant's motorman, where there was no proof that motorman was familiar with crossing at which injury occurred, or of the length of time that he had been running car, or that he had ever before made such trip at that hour of the day, *held* that refusal to give general affirmative charge for defendant was error, there being no sufficient showing that motorman was conscious that injury would likely result from his conduct which was essential to sustain charge of wantonness.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by Ivor Johnson against Lee C. Bradley and J. S. Pevear, as coreceivers of the Birmingham Tidewater Railway Company, for injuries sustained to person and property in a collision by a street car of defendant with plaintiff's automobile. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Counts 3 and 5 of the complaint are as follows:

"Count 3. Plaintiff claims of defendants $10,000 damages for that heretofore, to wit, during the month of October, 1923, the defendants, as receivers, were engaged in the operation of the street railway cars propelled by electricity of the Birmingham Tidewater Railway Company, a corporation, in Jefferson county, Ala., and while the plaintiff was then and there driving in his automobile along a public thoroughfare, the defendant's agents or servants in charge of one of said street cars, whose names to the plaintiff are unknown, while then and there acting within the line and scope of their employment, wantonly ran said street car against the plaintiff and his said automobile, with the knowledge that to do so would probably injure the plaintiff and damage his said automobile, and, with a reckless disregard of the consequence and as a proximate result of said wantonness, the plaintiff's said automobile was crushed, broken, damaged, and the value thereof greatly reduced, the fender and wheel and seat being crushed and broken, and the body of said car being wrenched, and more or less otherwise injured and damaged, and the plaintiff himself sustained the following personal injury, to wit: He was bruised and contused about the side, body, and limbs, and was injured internally and permanently, and was greatly shocked and made nervous, sick, and sore, and caused to suffer great physical pain and mental anguish, and was rendered for some time unable to work and earn money, and was put to expense in treating his said wounds and injuries, including doctor's expense and expense of medicine and nursing, and the plaintiff's earning capacity has been seriously and permanently impaired, all to plaintiff's damage aforesaid."

"Count 5. The plaintiff claims of the defendants the sum of $10,000, as damages for that heretofore on to wit, October 13, 1923, while the plaintiff was driving his automobile across the street car tracks of the Birmingham Tidewater Railway Company, a corporation, which corporation was then being controlled and its cars operated by the defendants as receivers thereof, appointed by the United States District Court for the Southern Division of the Northern District of Alabama, the servants, agents, or. employees of the defendants, whose names are to the plaintiff unknown, while acting within the line and scope of their employment by the defendants, wantonly or willfully injured plaintiff by causing an electric street car to run on, upon, or against an automobile in which plaintiff was riding, and with a knowledge that so to do, that the plaintiff would likely or probably be injured and his property damaged or destroyed, and, with a reckless disregard of consequences, and as a proximate consequence thereof, plaintiff suffered great physical pain and mental anguish; the flesh and muscles of his body, head, and neck were injured, plaintiff suffered abrasions on his head, a bone in his hand was broken, and was injured about his kidneys; plaintiff lost time from his work, has continued to suffer and will permanently suffer great physical pain and mental anguish, was rendered less able to work and earn money and permanently rendered less able to work and earn money, all to his damages as aforesaid, hence this suit."

Bradley, Baldwin, All & White, of Birmingham, and Huey & Welch, of Bessemer, for appellants.

The complaint is not sufficient as for wanton negligence. Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219; B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013; B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; Anniston Elec. Co. v. Elwell, 144 Ala. 317, 42 So. 45; B. R., L. & P. Co. v. Jaffee, 154 Ala. 548, 45 So. 469. Where the injured party and his employer came under the Workmen's Compensation Act, in the suit by the injured employé against a third party the amount of recovery is that provided by the act. Cudahy Pkg. Co. v. Paramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532; Id., 60 Utah, 161, 207 P. 148, 28 A. L. R. 1394; Pierce v. Providence Clo. Co., 1 K. B. 997; Martin v. L. & N., 2 K. B. 227; Ex parte L. & N., 208 Ala. 216, 94 So. 289; Demopolis Tel. Co. v. Hood, 212 Ala. ——, 102 So. 35. There was no evidence of knowledge on the part of those operating the street car of existing conditions, and defendant

---

was entitled to the affirmative charge. B. R., L. & P. Co. v. Leach, 5 Ala. App. 546, 59 So. 358; B. R., L. & P. Co. v. Landrum, 153 Ala. 192, 45 So. 198, 127 Am. St. Rep. 25; Mobile Elec. Co. v. Baker, 158 Ala. 491, 48 So. 119.

Black & Harris, of Birmingham, and Goodwyn & Ross, of Bessemer, for appellee.

The Workmen's Compensation Act does not apply, unless the third party is shown to come under it. Code 1923, § 7586. Where the general charge is requested as for a variance, the charge must specify wherein the variance lies. Circuit court rule 34, Code 1923, vol. 4, p. 906; Carter v. Shugarman, 197 Ala. 577, 73 So. 119; U. S. H. & A. Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117.

ANDERSON, C. J. This case was submitted to the jury on counts 3 and 5 of the complaint, which ascribe the plaintiff's injuries to the wanton misconduct of the defendants' agents or servants while acting within the line and scope of employment in causing one of defendants' cars to run upon or against the plaintiff's automobile while he was attempting to cross the defendants' track.

The case is therefore a simple one of wanton misconduct, and we are at a loss to understand why so many errors have been assigned and insisted upon which have no bearing upon the real issues involved. Therefore all suggestions of error as affecting simple, subsequent, or. contributory negligence will be discarded.

It was immaterial whether the defendants' track was embedded in the road at the crossing, as the evidence shows that it was not so embedded at other points; was in a sense a rural line and formed no part of a street or highway except perhaps at the crossing. The proof also shows that the crossing at the hour of plaintiff's injury was a very populous and much frequented one, and it was immaterial as to whether or not the crossing was in a public road or highway, in so far as wantonness was involved, but for the fact that the plaintiff unnecessarily charged that it was in count 3; and, as the case must be reversed for other reasons, we do not think it necessary to decide whether or not the road was a public one. In this connection, however, see McDade v. State, 95 Ala. 28, 11 So. 375.

[1, 2] The two counts were not subject to the grounds of demurrer setting up a failure to negative the fact that the injury was covered by the Workmen's Compensation Act (section 7586 of the Code of 1923). If this defendant, not the employer of the plaintiff, was within and relied upon said act it should have been the actor in pleading the fact,— Demopolis Telephone Co. v. Hood (Ala. Sup.) 102 So. 35,[1] wherein a distinction is made between it and the case of Steagall v. Sloss Co., 205 Ala. 100, 87 So. 787. Moreover, the Workmen's Compensation Law does not cover the injuries to the car as distinct from the plaintiff's personal injuries. Nor was the complaint subject to demurrer for failing to connect the defendants with the damnifying act and is unlike the count condemned in B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013.

[3] It was incumbent upon the plaintiff to prove wantonness as charged, and we may concede that the conditions surrounding or attending the injury afforded ample evidence for the jury to find that there was wantonness, had there been any proof to show or create a reasonable inference that the defendants' motorman was conscious of the fact that his conduct would probably result in or produce injury. The proof showed that this was a greatly used crossing during the hour when plaintiff was injured; that the car was going from 8 to 20 miles an hour without signal or warning; and that the motorman instead of keeping a lookout was looking to the rear, but there is nothing to show that said motorman was familiar or acquainted with said crossing, and to hold that he was, would be mere conjecture or speculation. There was no proof of the length of time he had been running the car or that he had ever before made this trip at that hour of the day. L. & N. R. R. v. Heidtmuller. 206 Ala. 30, 89 So. 191. The plaintiff relied upon the conduct of the motorman as establishing his charge of wantonness; therefore, in order to do so, it was necessary to show facts from which the jury could infer that said motorman was conscious of his conduct and conscious, from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and, with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some known duty which produced the result. Ala. Power Co. v. Conine, 210 Ala. 320, 97 So. 791; B. R., L. & P. Co. v. Cockrum, 179 Ala. 373, 60 So. 304. The trial court erred in not giving the general affirmative charge requested by the defendants, and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, THOMAS, and MILLER, JJ., concur.

---

[1] Ante, p. 216.