1 So.2d 299

BIRMINGHAM ELECTRIC CO. v. TURNER.

6 Div. 818.

Supreme Court of Alabama.

March 6, 1941.

Rehearing Denied March 27, 1941.

Taylor & Higgins and Fred G. Koenig, Jr., all of Birmingham, for appellee.

Lange, Simpson, Brantley & Robinson and W. P. Rutledge, all of Birmingham, for appellant.

THOMAS, Justice.

This is an action for damages for personal injuries received by appellee against appellant as a result of a collision between an automobile in which she was riding and a street car owned by appellant.

The case was submitted to the jury on count one, charging simple negligence; and on count two, charging wantonness. The defendant filed pleas in short by consent, the jury returning a verdict in favor of appellee for $750. Appellant filed motion for a new trial which was overruled, and from this action of the trial court this appeal is prosecuted.

Facts regarding the accident, stated briefly, are as follows: The material parts of the testimony of each witness are set forth in the arguments of counsel on the question of whether or not the wanton count should have been submitted to the jury.

The accident occurred on 20th Street, South, between 13th and 14th Avenues, in the City of Birmingham. The automobile was going north and the street car was going south. On the east side of the street

there was, before the accident, a parked automobile. As the plaintiff's automobile and the street car were approaching each other, this parked car suddenly pulled away from the curbing, and caused the driver of the plaintiff's car, in order to avoid a collision with the automobile, to run onto the street car tracks in front of the approaching street car. There is evidence in the case that prior to the accident, the motorman was looking to his right, and not observing traffic ahead of him, but this fact is denied by the motorman driving the street car.

■ See the recent case of Alabama Power Co. v. Dunlap, Ala.Sup., 200 So. 617,[1] as to the ruling of giving or refusing the affirmative instruction in a wanton count, which stated generally is to the effect that it can be said that an act is wantonly done, if it be shown that the party charged with committing the wrong had knowledge of the danger, present or impending, to the other party. The trial court stated the rule as follows: "To constitute wantonness (it must be shown), that the party charged, or his servant acting for him in the premises, was conscious of the conduct which caused the injury, and conscious from his knowledge of the existing conditions, that injury would likely or probably result from his conduct or omission to act, and with reckless indifference to consequences he consciously and intentionally did the wrongful act or omitted to do or discharge some known duty in the premises which produced the injurious result declared for in the complaint."

Authorities in point are: Feore v. Trammel, 212 Ala. 325, 102 So. 529; Becknell v. Alabama Power Company, 225 Ala. 689, 143 So. 897, 899; Lambert v. Southern Ry. Co., 214 Ala. 438, 108 So. 255; Alabama Power Co. v. Conine, 210 Ala. 320, 97 So. 791; Shepard v. L. & N. R. R. Co., 200 Ala. 524, 76 So. 850; Birmingham Ry., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304; Birmingham Ry. L. & P. Co. v. Jung, 161 Ala. 461, 49 So. 434, 18 'Ann.Cas. 557; Bradley v. Johnson, 212 Ala. 330, 102 So. 710; Louisville & N. R. Co. v. Heidtmueller, 206 Ala. 29, 89 So. 191.

In Feore v. Trammel, 212 Ala. 325, 330, 102 So. 529, 533, it is said: "It follows from the decisions that to establish a willful or intentional injury the proof must establish the same was inflicted designed-ly and intentionally; to constitute wantonness, that the party charged, or his servant acting for him in the premises, was conscious of the conduct which caused the injury, and conscious, *from his knowledge of the existing conditions, that injury would likely or probably result from his conduct or omission to act, and with reckless indifference to consequences he consciously and intentionally did the wrongful act or omitted to do or discharge some known duty in the premises which produced the injurious result declared for in the complaint.* * * * "* (Italics supplied.)

In Bradley et al. v. Johnson, 212 Ala. 330, 102 So. 710, 711, Mr. Chief Justice Anderson, writing for this court, said: It was incumbent upon the plaintiff to prove wantonness as charged, and we may concede that the conditions surrounding or attending the injury afforded ample evidence for the jury to find that there was wantonness, had there been any proof to show or create a reasonable inference that the defendants' motorman was conscious of the fact that his conduct would probably result in or produce injury. The proof showed that this was a greatly used crossing during the hour when plaintiff was injured; that the car was going from 8 to 20 miles an hour without signal or warning; and *that the motorman instead of keeping a lookout was looking to the rear, but there is nothing to show that said motorman was familiar or acquainted with said crossing,* and to hold that he was, would be mere conjecture or speculation. There was *no proof of the length of time he had been running the car or that he had ever before made this trip at that hour of the day.* Louisville ·& N. R. R. v. Heidtmueller, 206 Ala. ·[29], 30, 89 So. 191. The plaintiff relied upon the conduct of the motorman as establishing his charge of wantonness; therefore, in order to do so, it was necessary to show facts from which the jury could infer that *said motorman was conscious of his conduct and conscious from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and, with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some known duty which produced* the result. * * *" (Italics supplied.)

■ This is a suit by a passenger in the colliding automobile. As to her it is es-

---

tablished that as a passenger in the car, she is not chargeable with the negligence of the driver, and must make a case of negligence on the part of the defendant as a proximate cause. Roberts v. Louisville & N. R. Co., 237 Ala. 267, 186 So. 457; Southern Ry. Co. v. Lambert, 230 Ala. 162, 160 So. 262; Southern Ry. Co. v. Miller, 226 Ala. 366, 147 So. 149.

█ The evidence is in conflict as to simple negligence. Hence the affirmative instruction as to this phase of the evidence was without error. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

From the foregoing well-established principles, we will examine the evidence to judge the action of the trial court in refusing to give the general affirmative instruction requested in writing by the defendant as to the wanton count.

As stated above, the accident occurred on 20th Street, South, between 13th and 14th Avenues in the City of Birmingham. The street car was going south on an upgrade. The car was proceeding from the opposite direction. The evidence shows that the two vehicles were moving at about the same speed. The fixed street car track was approximately in the middle of the street. Two witnesses testified that the street car never changed its rate of speed from the time it was seen and was going from 15 to 20 miles an hour when a red car pulled out from the curbing between the street car and the approaching automobile.

Two of plaintiff's witnesses stated that the motorman was looking toward the right before the accident took place and one witness said he continued so to look until the time of the collision.

The motorman operating the street car testified that he was looking straight ahead all the time and as soon as he saw the car coming toward him, he applied the emergency brakes, turned off the current, sanded the track, and that he had brought the car practically to a standstill at the time of the accident; that the plaintiff's car was 30 to 40 feet away when he observed it, and at the time he saw the two vehicles reach each other, the street car had come to a stop, or if not to an actual standstill, to not over two or three miles an hour.

There was testimony to the effect that the driver of the car swerved his automobile toward the center of the street, because a red automobile in front of him had suddenly pulled out from the curbing. There was no evidence to the effect that the driver of the Turner car sought to stop his car to avoid striking the red automobile. The motorman in charge of the street car said he was looking straight ahead, saw the red automobile after the accident, and did not notice it before the accident. The driver of the Turner car said that he first noticed the street car when the red automobile started pulling away from the curb in front of his approaching automobile and that at the time of such intervention of the red car, the street car was 15 to 20 feet beyond the red car, and the Turner car 15 to 20 feet south of the red car. There was no evidence that the driver of the Turner car sought to stop his car to prevent collision with the red automobile, but that his car was pulled suddenly out onto the street car track.

█ In observing the speed of two vehicles, the intervention of the red car, the apparent inevitable result of a collision with the red automobile on the one hand or the street car on the other, estimates of distances or speed, etc., are matters of personal opinion, and the same are entirely problematical. It is established by decisions of this court that wantonness may occur from a motorman's acts between intersections as well as at street crossings. Anniston Electric & Gas Co. v. Elwell, 144 Ala. 317, 42 So. 45; Birmingham Railway & Electric Co. v. Smith, 121 Ala. 352, 25 So. 768.

█ This collision occurred under the circumstances we have detailed and with the street car proceeding upgrade toward the north crossing and with the Turner car proceeding downgrade toward the red automobile that immediately intervened. Under such circumstances, we are impressed that under the rules obtaining, there was no wanton neglect on the part of the motorman operating the street car.

It should be observed that the immediate duty was on the driver of the Turner car to stop his car in order to attempt to avoid collision with the red automobile (pulling out from the curb), rather than to impose such obligation upon the motorman of the street car, which is operated over and upon its *fixed track in approximately the middle of the street*. The evidence shows that upon observing the immediate peril of the automobiles in question, the motorman did all that a reasonably prudent man could do,

with his knowledge of the situation and the safety appliances at hand, to avoid the accident. Sloss-Sheffield Steel & Iron Co. v. Willingham, 29 Ala.App. 569, 199 So. 15; Sloss-Sheffield Steel & Iron Co. v. Peinhardt, 240 Ala. 207, 199 So. 33, and authorities supra.

It is admitted that failure to keep a proper lookout is negligence, but wantonness cannot be established unless it is shown that the motorman knew that the place was one where people passed in such numbers and that it was likely or probable that persons or vehicles would be passing upon or over the track. The case cited by appellee, Birmingham Ry. & Electric Co. v. Smith, supra, involved willful or intentional injury where the buggy, with its curtains up, turned across the track in the middle of the block. In that case the evidence was that the motorman called to the driver of the vehicle to "look out," that this "is the second time you have driven before me this morning," and "it will teach you to keep out of the way." This authority, therefore, is of no value under the instant facts.

The evidence shows that the motorman had long been in service of appellant as a conductor or motorman and that he had knowledge that the street was "a muchly used thoroughfare." In the interrogatories answered by defendant (the said motorman participating in the preparation thereof), the motorman stated that "20th Street is heavily traveled and no doubt there were other vehicles at or near the scene of the accident." This answer was in reference to the immediate point of collision.

From the foregoing, we are of opinion and hold that there was error in submitting to the jury the wanton count, but that there is such conflict in evidence as warranted the submission of the simple negligence count to the jury.

Reversed and remanded.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.

On Rehearing.

THOMAS, Justice.

A sudden situation was occasioned by the pulling out from the sidewalk of the red car in front of the Turner car and between the approaching street car. The evidence shows that Turner did apply his brakes, but instead of stopping his car, he pulled onto the track of the street railway company in front of the approaching street car.

We have again carefully considered the evidence, and are of opinion that the trial court was only warranted in submitting to the jury the simple negligence count and that the verdict rendered does not indicate that it was predicated alone upon the simple negligence count.

Opinion extended, application for rehearing overruled.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.