This case arises out of the shooting death of William Hargress by a Montgomery City police officer, Eula Oliver. The administratrix of Hargress's estate sued Oliver and the City of Montgomery, alleging that the agents of the City of Montgomery "negligently, wrongfully, and by omitting to do what was reasonable, wrongfully" killed Hargress. In addition, plaintiff alleged that the City was negligent in its "regulations, policies, practices and customs." The jury returned a verdict for defendants, and plaintiff appeals.
Plaintiff presents four issues for our review, as follows: (1) whether the trial judge erred in allowing the defendant to rehabilitate Oliver's partner by eliciting from him a priorconsistent statement; (2) whether the trial court erred in its instructions to the jury; (3) whether the trial judge should have recused himself, and (4) whether the court erred in not allowing the introduction of plaintiff's exhibit five. After reviewing the record, we find plaintiff's contentions to be without merit.
 I
The plaintiff attempted to impeach officer Anthony Simmons as to whether the deceased was "flailing in the air" or "swinging" at officer Oliver. The plaintiff, *Page 1139 
relying on Simmons's prior deposition, asked Simmons the following questions:
 "Q. And the question says where were his hands, and what did you say?
 "A. His hands, like I said, they were flailing in the air.
 "Q. They were flailing in the air. Now is there a distinction in your mind between somebody who is flailing in the air and somebody who is swinging at a particular person?
"A. Yes, sir, there is a difference.
 "Q. And you didn't say here that they were swinging at a particular person, you said that this drunk man was wailing and flailing in the air, didn't you?
"A. At my partner, yes, sir.
"Q. That ain't what you said here; is it?
"A. No, sir."
The defendants then attempted to rehabilitate Simmons by asking him whether he had previously stated that Hargress was swinging at Oliver:
 "Q. You testified in that deposition at that time, that he was swinging with [sic] her with both hands; didn't you?
"A. Yes, sir.
 "Q. Question, he was swinging at her with two hands, yes, sir. Is that what you said?
"A. Yes, sir.
 "Q. And you testified then that he was walking at a fast pace, swinging at her with both hands; right?
"A. Yes, sir.
"Q. And that's what you testify today, don't you?
"A. Yes, sir.
"Q. Have you changed your testimony in any way?
"A. Not to my knowledge."
Plaintiff asserts that it was error for the trial court to allow Simmons to be rehabilitated after he had been impeached. We disagree. The plaintiff chose to use a limited part of Simmons's deposition in order to try to impeach him. The defendant then questioned Simmons as to statements made in thesame deposition which tended to show that Simmons's present testimony was not inconsistent with that given at the deposition hearing. Rule 32, Ala.R.Civ.P., provides, in part:
 "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which ought in fairness be considered with the part introduced, and any party may introduce any other parts."
In the present case, we hold that the trial court properly allowed the defendants to question Simmons concerning additional consistent statements made in the same deposition.
 II
Plaintiff further claims that the trial court erred in giving the following jury instruction:
 "THE COURT: One thing, maybe, I did not make clear and I meant to. This self-defense either for negligence or for wantonness, you are entitled to consider whether or not this officer acted as a reasonable, prudent person in the negligence. Now, the wantonness is the omission of some duty or the conscious doing of something, doing of some act or omission of some duty under knowledge of existing conditions and consciously, and from the act or omission, an injury would likely or probably result. Now, you are entitled to consider in determining whether or not there was a conscious doing of some act or omission of some duty, you are entitled to consider that a police officer is entitled to defend themselves, as I defined it for you a while ago. If from the evidence, the police officer did not provoke or bring on the difficulty, that she acted only to repeal or prevent an attack being made on her and she did not use any more force than was necessary to repel such attack considering the totality of the circumstances, considering that she is guided by the reasonable appearance of the time and circumstances surrounding the incident, then, there would not — there could not, as I said, be a recovery in negligence. *Page 1140 You are entitled to consider that, too, in determining whether or not there was an act or omission, a conscious act or omission in the wantonness, too. You are entitled to consider whether or not she was acting in self-defense under the facts and circumstances as you heard them. All right. Thank you." (Emphasis added.)
Prior to recharging the jury on this issue, the following exchanges occurred between the trial court and the plaintiff's counsel:
 "THE COURT: I am not using self-defense as an affirmative defense in the case. I do not see how you can. You all tried the case on self-defense as an affirmative defense, but it is not an assault and battery case. It is a negligence wanton case. Self-defense is — I am using it as part of the standard of care.
 "MR. CHESTNUT: And I think that you are right. You cannot bring self-defense in a wrongful death.
 "THE COURT: Well, I am going to charge them that they are entitled to consider self-defense in determining whether the woman was wanton or not; just like they are entitled to consider whether she was —
"MR. ADAMS: I think that would be expected."
Afterwards, the appellant's counsel objected to the consideration of self-defense by the jury in regard to both negligence and wantonness. Plaintiff here argues as reversible error only the giving of the instruction as it relates to wantonness.
Despite plaintiff's contention, the trial court did not instruct the jury that self-defense was a defense to wantonness. A review of the entire charge indicates that the trial judge did instruct the jury that self-defense was one of the factors that could be taken into consideration in its consideration of the wantonness claim. From the above quoted portion of the record, it appears that plaintiff's counsel had originally agreed that "[s]elf-defense . . . [was] part of the standard of care." In any event, under Rule 51, Ala.R.Civ.P., "reversible error occurs only when that error is prejudicial, when the trial court's instructions are viewed as an entity."Underwriters National Assurance Company v. Posey, 333 So.2d 815
(Ala. 1976). Viewing the jury instruction in its entirety, we find that there has been no prejudice to the plaintiff.
Assuming, however, that the court did instruct the jury that self-defense could be a defense to the wantonness count, we, nevertheless, still hold that no error occurred.
In McGehee v. Harris, 416 So.2d 729, 731 (Ala. 1982), the Court made the following observations regarding wantonness:
 "Each case is bound by its material facts; that before it can be said an act or failure to act is wantonly done or omitted and an injury resulting thereby is wantonly inflicted, it must be shown that the party charged with committing the wrong or omitting to reasonably act in that behalf, had knowledge of the danger, present or impending, to the other party or parties so situated, and being conscious (from his knowledge of existing conditions and impending danger) an injury would likely or probably result from his conduct or omission to act, with reckless indifference to consequences, consciously and intentionally did the wrongful act, or omitted to do or discharge the known duty in the premises to avert such danger, and which produced the injurious result. Birmingham Electric Co. v. Turner, 241 Ala. 66, 1 So.2d 299; Alabama Power Co. v. Dunlap, 240 Ala. 568, 200 So. 617; Feore v. Trammel, 212 Ala. 325, 102 So. 529; Shepard v. Louisville N.R. Co., 200 Ala. 524, 76 So. 850." (Quoting Simon v. Goodman, 244 Ala. 422, 424, 13 So.2d 679, 680
(1943)).
In determining whether Eula Oliver was guilty of wantonness, as defined in McGehee v. Harris, the jury clearly could have considered whether she was acting in self-defense at the time. *Page 1141 
We believe that Alabama law is clear to the conclusion that self-defense can be pleaded in an action for wrongful death. InBreed v. Atlanta, B. C.R. Co., 241 Ala. 640, 4 So.2d 315
(1941), the plaintiff filed suit under three counts, the first two alleging negligence and the third alleging "wanton, willful, or intentional conduct." The Court held, on rehearing, that any contention that a defendant is precluded under the homicide act from pleading self-defense is clearly without merit. There, the Court held:
 "The contention of the appellee that the foregoing opinion precludes a defendant sued under the homicide act from pleading self-defense, contributory negligence and assumption of risk is so clearly without merit it would seem that no answer to it is necessary. [Emphasis supplied.]
 "The authorities are uniform in holding that such defenses are permissible, and that this was the purpose and scope of the qualifying provision in the statute `if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death.' Code 1940, Tit. 7, § 123. Stated in the language of the authorities, that qualifying provision `was intended to declare the character of act or omission which would support the action; not the person by whom it could be maintained.' South N.A.R. Co. v. Sullivan, 59 Ala. 272, 281."
241 Ala. 640, 645, 4 So.2d 315.
Additional authorities are: Ashworth v. Alabama GreatSouthern R. Co., 211 Ala. 20, 99 So. 191 (1924) (self-defense was pleaded as a defense to complaints alleging that the death was a "wrongful act" and that the intestate was "wrongfully and intentionally" shot, and the Court wrote, "In [a] . . . civil action the burden of proof in establishing the several elements of self-defense is as declared for a criminal case");Kuykendall v. Edmondson, 208 Ala. 553, 94 So. 546 (1922) (self-defense allowed in an action alleging that the decedent was "wrongfully" killed); Suell v. Derricott, 161 Ala. 259,49 So. 895 (1909) (self-defense was recognized as a defense to the plaintiff's action which alleged wrongful death resulting from the decedent's having been "unlawfully and intentionally" shot).
Based on the foregoing authority, we hold that the court did not err in instructing the jury that it could consider self-defense "as part of the standard of care"; nor would there have been error in instructing the jury that self-defense was a defense to wantonness.
Plaintiff further complains that the court failed to give requested jury charges No. 19 and 21. The record indicates that the plaintiff failed to object to the failure of the court to give jury charge No. 19, and that regarding jury charge No. 21, the plaintiff's counsel failed to state the specific grounds of his objection.
Rule 51, Ala.R.Civ.P., provides, in part:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects, and the grounds of his objection." (Emphasis added.)
Plaintiff failed to sufficiently preserve any error as to either requested charge. Ala.R.Civ.P., Rule 51; Barksdale v.Pendergrass, 294 Ala. 526, 319 So.2d 267 (1975).
 III
Plaintiff asserts that because the trial judge once represented the City of Montgomery, he should have recused himself. Plaintiff states in her brief:
 "On August 7, 1984, plaintiff's motion for a new trial was heard by the court. During the hearing, plaintiff's counsel inquired of the Court whether or not he had ever represented defendant City of Montgomery. The Court replied that his former law firm had represented the City of Montgomery. The Court then, however, *Page 1142 
said that he did not have any financial interests in his prior law firm."
We hold that the trial judge was not disqualified from hearing the case. It is settled in Alabama that a mere accusation of bias unsupported by substantial facts does not require disqualification of the judge. Ross v. Luton,456 So.2d 249 (Ala. 1984). It is thus incumbent upon the party alleging bias to bring forth evidence to support his contention. Taylorv. Taylor, 387 So.2d 849 (Ala.Civ.App. 1980). In the present case, plaintiff merely alluded to a possible bias, without any supporting evidence; we therefore find that the trial judge did not err in refusing to recuse himself.
 IV
Plaintiff assigns as error the trial court's refusal to admit plaintiff's exhibit number five. The exhibit, according to plaintiff's brief, consisted of a "memorandum to Chief C.E. Swindall of the Montgomery Police Department from Major Sam Hicks, Jr." She says "the memorandum recommended that Officer Eula Oliver be dismissed because, as an officer, in Major Hicks's opinion, she could not properly perform her duties, having been engaged in voodoo activities, and he believed it would be impossible to get anyone to work with her without giving them a direct order."
The trial judge stated that he would allow plaintiff to introduce the fact that Oliver had been evaluated, but he would not allow evidence of voodoo activities to be admitted. The trial judge ruled that the probative value of Oliver's possible involvement in such activities was outweighed by its prejudicial value.
We do not believe the trial court abused its discretion in refusing to admit plaintiff's exhibit.
This Court, in Phoenix Ins. Co. of New York v. Leonard,270 Ala. 427, 119 So.2d 217 (1960), quoting Judge McElroy on TheLaw of Evidence in Alabama, held:
 "`The judge may in his discretion exclude evidence if he finds that its probative value is outweighed by the risk that its admission will (a) necessitate undue consumption of time, or (b) create substantial danger of undue prejudice or of confusing the issues, or of misleading the jury, or (c) unfairly surprise a party who has not had reasonable ground to anticipate that such evidence would be offered.'"
270 Ala. at 430, 119 So.2d at 219.
For all of the above-stated reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.