STEAGALL, Justice.
Naomi Park, an incompetent person, by and through her son and next friend, Eddie *800 Berzett, sued Fred Erdie Berzett (her son) and Larry Berzett (Fred’s son), claiming $41,509.43 for money had and received. Park also alleged that she had transferred $41,509.43 to Fred and Larry Berzett while she lacked the mental capacity to enter into such a transaction and/or was acting under undue influence exercised by Fred and Larry. After the complaint was filed, Park died intestate and Eddie Berzett was appointed administrator of her estate. On behalf of Park’s estate, Eddie Berzett, as administrator, filed an amended complaint substituting himself as the plaintiff.
The case was tried before a jury. At the close of the plaintiff’s evidence, defendant Larry Berzett moved for a directed verdict, which was denied. At the close of all the evidence, Larry Berzett again moved for a directed verdict, and it was again denied. The jury returned a verdict against both defendants in the amount of $53,426.17. Both defendants filed a motion for new trial, which was denied. Larry Berzett appeals.[1]
On November 28, 1986, Fred checked Park out of a hospital in Pulaski, Tennessee, and brought her to Athens, Alabama, to live with him. Fred lived in a house owned by his son, Larry. On December 1, 1986, Fred took Park to Pulaski to withdraw her money from two banks. Fred was with Park when she withdraw $14,-464.72 from the Union Bank in Pulaski; the teller put the $14,464.72 in cash into a . money pouch and handed it to Fred, who put the money in his pocket. Fred was also with Park when she withdrew $27,-044.71 from First Federal Savings and Loan Association of Giles County; he was given a check in the amount of $27,044.71 made payable to Park. After Fred and Park returned to Fred’s home in Athens, Fred had Park endorse the $27,044.71 check. Larry then endorsed the check, cashed it at the First Alabama Bank of Athens, and took the cash to Fred and Park. Park gave $8,000 tó Fred to be used to pay for an addition to the house she was living in, which belonged to Larry. Park lived with Fred until June 1987, when she went to live with her niece, Norma Jean Goddard. Goddard testified that Park had no money at the time she left Fred’s home.
On appeal, Larry argues 1) that there is no evidence of a transfer of funds from Park to Larry and, therefore, that the trial court erred in refusing to grant his motions for directed verdict and his motion for new trial; and 2) that the trial court erred in instructing the jury that Park had transferred funds to Larry.
At the close of the trial court’s instructions to the jury, the defendants objected to the instructions in the following colloquy:
“Mr. Totten: Your Honor, on behalf of the Defendants, I would object to that portion of the charge that concerns the elements of undue influence and incapacity of Naomi Park, and allege that the Court continually referred to the transfer of funds in this case without instructing the jury that the jury first must find that such a transfer did indeed occur, and I would ask Your Honor to further instruct the jury that prior to taking up the capacity of Naomi Park or whether or not she acted under undue influence, the jury should first determine whether or not such a transfer did indeed occur.
“The Court: Well, I thought that was undisputed.
' “Mr. Totten: Of the eight thousand dollars it is, Judge.”
Larry conceded that there was evidence of a transfer of $8,000. He did not raise a question of the excessiveness of the damages in his motion for new trial, nor does he raise that question on appeal. See State Farm Mut. Auto. Ins. v. Robbins, 541 So.2d 477 (Ala.1989). This Court, therefore, is compelled to hold that the trial court correctly denied Larry’s motions for directed verdict and his motion for new trial.
*801 Under Rule 51, A.R.Civ.P., reversible error occurs only when the error appears prejudicial, when viewing the jury instruction in its entirety. Hargress v. City of Montgomery, 479 So.2d 1137 (Ala. 1985). Viewing the trial court’s jury instruction in its entirety, this Court finds no reversible error.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.

. Both defendants filed a notice of appeal; however, defendant Fred Berzett offered no argument as to the judgment entered against him. Accordingly, upon the motion of the plaintiff, the appeal of Fred Berzett was dismissed.